PHILENA T. KEHAIL

*vs.*

HENRY I. TARBOX & TRUSTEE.

Sagadahoc.    Opinion November 18, 1914.

*Motion to Dismiss.    Public Laws of 1913, Chap. 95, Sec. 3.    Return Term.    Writ.*

By a statute which became effective on July 11, 1913, the term of the Supreme
Judicial Court theretofore held in Sagadahoc County on the third Tuesday in
August was abolished, and a term beginning on the second Tuesday of October
was substituted in its stead:—

*Held:*  That a writ sued out June 5, 1913, and made returnable at a term to be
held on the second Tuesday of October, 1913, is abatable on motion seasonably
filed.

On exceptions by defendant.    Exceptions sustained.

This was an action of assumpsit.    The writ was dated June 5, 1913,
and was made returnable on the second Tuesday of October, A. D.
1913, of the Supreme Judicial Court for said County.    At said
October term, the defendant filed a motion to dismiss said action
because the same should have been made returnable on the third
Tuesday of August, 1913.    The Justice presiding overruled, pro
forma, the motion, and the defendant excepted thereto.

The case is stated in the opinion.

*George E. Hughes,* for plaintiff.

*James B. Perkins,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, HALEY, HANSON,
PHILBROOK, JJ.·

SAVAGE, C. J.  Exceptions to the overruling, pro forma, of a
motion to dismiss, seasonably filed.    The writ was sued out June 5,
1913 and was made returnable at a term of the Supreme Judicial
Court "next to be held at Bath, within and for the county of Sagada-
hoc, on the second Tuesday of October, 1913."    The ground of the
motion to dismiss is that at the date of the writ no October term

existed in Sagadahoc County, and that the writ should have been made returnable on the third Tuesday of August, which was the term next to be held in that county after the date of the writ.

At the date of the writ, the statute then in force provided for ° term of the Supreme Judicial Court in Sagadahoc to be held on - third Tuesday of August. A statute had been enacted by the lature which in effect abolished that term, and provided for a term its stead to be held on the second Tuesday of October. Public La of 1913, Chap. 95, Sec. 3. But the Act of 1913 did not becom. effective until ninety days after the adjournment of the legislature, o. on July 11, 1913. Such is the constitutional provision. Constitution, part 3 of Art. IV, Sec. 17.

The Act of 1913, effective prior to the third Tuesday of August of that year, provided among other things that all writs and processes. which had been made before the act took effect, and which were returnable to the respective terms of Court as they were to be holden under the law prior to the changes made by the Act, should on the day upon which they are so made returnable, be filed in the office of the clerk of Court and entered upon the docket, and then be continued automatically to the next term of Court.

It is clear that the situation which existed in this case was provided for by the statute. As the law stood at the date of the writ there was an August term. It was the next term. Had the writ been made returnable to that term, it could have been entered and continued as the Act of 1913 provided. Instead it was made returnable to an October term, 1913. At the date of the writ there was no such term. Non constat that there ever would be any October term, 1913. The people had the power, by use of the referendum, to prevent the Act of 1913 from ever taking effect. A certain fraction of the electors, by filing petitions, had the power to delay its taking effect until after the next election. Const. of Maine, part 3 of Art. IV, Sec. 17. The fact that the referendum was not resorted to does not change the legal situation.

It is settled law that a writ returnable on a day out of term is voidable. So when it is made returnable after an intervening term. And such a writ is abatable on motion seasonably filed. *McAlpine* v. *Smith*, 68 Maine, 423; *Bell* v. *Ames*, 13 Pick., 90; *Wood* v. *Hill*, 5 N. H., 229.

*Exceptions sustained.*