SADIE BUNKER, APPELLANT FROM DECREE OF JUDGE OF PROBATE.

Sagadahoc.     Opinion October 22, 1930.

318

*Wood & Shaw*, for appellant.
*Harry R. Drew*, for appellee.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

THAXTER, J.   This case is before this court on exceptions.
Within the time prescribed by statute the appellant filed in the
Probate Court for Sagadahoc County notice of an appeal from a
decree of the Judge of Probate of said county allowing the will of
Clinton C. Gardiner. This notice of appeal was addressed "to the
Supreme Judicial Court, being the Supreme Court of Probate, to
be held at Bath, within and for the County of Sagadahoc, on the
first Tuesday of June, A. D. 1930." Prior to the enactment of
Chap. 141, P. L. 1929, the Supreme Judicial Court was the Su-
preme Court of Probate. Under the provisions of this act, however,
the Superior Court became the Supreme Court of Probate. In the
Superior Court at the June term a general appearance was en-
tered for Margaret Herfel, the residuary legatee under the will,
who through her attorney filed a motion to dismiss the appeal be-
cause "the Supreme Judicial Court to which the appellant appealed
is not the Supreme Court of Probate." The motion was allowed.

The appellant then moved to amend the appeal and reasons of appeal by substituting the words "Superior Court" for the words "Supreme Judicial Court." This motion was denied. To the allowance of the motion to dismiss and to the denial of the motion to amend the appellant duly filed exceptions.

It is true that probate appeals are governed by statute and that there must be a strict compliance with the conditions prescribed or such appeals will be dismissed. *Bartlett Appellant*, 82 Me., 210; *Townshend Appellant*, 85 Me., 57; *Moore* v. *Phillips*, 94 Me., 421. Nor can the failure to comply with the statutory requirements be cured by amendment. *Carter Appellant*, 111 Me., 186; *Garland Appellant*, 126 Me., 84. There seems, however, to be no good reason why an amendment should not be allowed in the case of a mere formal defect in a notice of appeal. *Smith* v. *Chaney*, 93 Me., 214. Such allowance is in furtherance of speedy justice, and as was said in the case of *Pattee* v. *Low*, 35 Me., 121, 123, "were the technical subtleties of the common law to be required in probate proceedings, instead of facilitating, their introduction would tend to defeat the very objects of law."

After a general appearance amendments have been permitted to writs where the return day was omitted, *Ames* v. *Weston*, 16 Me., 266; and where the return day was erroneous, *Barker* v. *Norton*, 17 Me., 416; *Lawrence* v. *Chase*, 54 Me., 196; *Guptill* v. *Horne*, 63 Me., 405. If process can be so amended, there seems to be no good reason for denying the right to amend a notice of appeal for an obvious error, which by no possibility could prejudice the rights of a party.

*Exceptions sustained.*