The Des Moines Branch of the State Branch v. Van et al., and Allen
v. Smock et al.

## THE DES MOINES BRANCH OF THE STATE BRANCH v. VAN et al., AND ALLEN v. SMOCK et al.

1. ORIGINAL NOTICE. Under ⸹ 2812 of the Revision of 1860, the notice should designate and fix by name the term at which the defendant is required to appear and answer; it is not sufficient to require the party to appear at "the next term" after service.

2. SAME: APPEARANCE AND CONTINUANCE. An appearance to take exceptions to the sufficiency or service of a notice, is an appearance in the case; but where the defendant has not been notified of the cause of action, he may have a continuance as of course. A continuance can be had only for cause shown when the defect complained of, relates to the time of appearance, and not the statement of the cause of action.

*Appeal from Polk District Court.*

THURSDAY, DECEMBER 26

THESE cases involved the same questions. The original notices were issued and served in June, 1861. They apprise defendants that petitions are "on file in the office of the clerk of the District Court of Polk County, Iowa·" . * * * * * "and that unless you appear and answer thereto, on or before the morning of the 2d day of the next term of said court, judgment," &c. Defendants appeared and moved to quash the notice in each case, because "it does not *name* the term at which defendants are required to appear." These motions were sustained, and the notices quashed. Defendants filed no answer, and plaintiffs asked for judgments by default, which was refused; and the court without written motion of either party, but by request of defendants' attorney, in open court and against the express wishes of plaintiffs, ordered the causes continued, and refused plaintiffs a judgment or trial at said term. To all which plaintiffs excepted, and appeal.

*Finch & Clark* for the appellants, contended, 1. That the

notice was sufficiently specific under § 2812 of the Revision, citing *Lemonds* v. *French*, 4 G. Greene, 123; and *Butcher* v. *Brand*, 6 Iowa, 235.   2. That if the notice was defective, the defect related to the time of appearance, and not "the substantial cause of action."   Such defect does not entitle the defendant to a continuance as of course.   Revision of 1860, § 2840.

*Casady & Polk* for the appellee, argued:   1. That as the notice did not designate or name the term at which defendants were required to appear, they were defective, § 2812, of the Revision of 1860; and that the court below in granting a continuance exercised a discretion which this court will not review, unless a palpable case of injustice be presented.   *Widner* v. *Hunt*, 4 Iowa, 335;   *Purrington* v. *Frank*, 2 Iowa, 565.   2. The defendants appeared and filed a motion to quash the notice which was sufficient to save a default.   *Canal Bank* v. *Newberry*, 7 Iowa, 4; *The Burlington & Missouri River Railroad Company* v. *Marchand*, 5 Iowa, 468; *Arbuckle* v. *Bowman*, 6 Iowa, 70.   3. The record does not show at what time the default was asked for, nor the reason for granting the continuance.   The error must be made to appear affirmatively.   *Mays* v. *Deaver*, 1 Iowa, 216; *Brewington* v *.Pattee*, Ib., 121; *Conrad & Co.* v. *Baldwin*, 3 Ib., 207; *Freeher* v. *Geeseka*, 5 Ib., 472; *Spurr* v. *Torburn*, 6 Ib., 553.

WRIGHT, J.—It was the intention of § 2812 of the Revision, to require the original notice to name, designate and fix by name, the term at which a defendant is to appear. The language is this:   "And that unless he appears thereto, and defends before noon of the second day of the term at which said defendant is required by law to appear, naming it, or at such other time as may be by general rule of such court prescribed, default, &c."   The corresponding

language of the Code (§ 1715,) was :   "And that unless he appears and pleads thereto by (stating the time when, by law or by the rules of court he is required to plead,) default, &c." Under this it was held sufficient to require a party to appear at the *next* term, for the reason that such terms were usually fixed by statute, of which parties are to take notice. *Lemonds* v. *French,* 4 G. Greene 123 ; *Butcher* v. *Brand,* 6 Iowa 235. The Revision, however, in requiring the notice to name the term, designed that a defendant should be informed clearly and upon the face thereof, when it was, the time at which plaintiff demanded his appearence. Not that he might be advised vaguely and uncertainly of the term, to be made certain in his own mind by consulting counsel or the law, but notified clearly and unmistakably, so that he might know, without more, when it was that his presence was required. In this respect these notices were defective.

The effect of such defect, is another question. The mode of appearance to an action is, " 3. By an appearance, even though specially made by himself or his attorney for any purpose connected with the cause; or for any purpose, connected with the service or insufficiency of the notice. And an appearance, special or otherwise, to object to the substance or service of the notice, shall render any further notice unnecessary, but may entitle the defendant to a continuance, if it shall appear to the court that he has not had the full timely notice required, of the substantial cause of action stated in the petition. But if the petition contains more than one cause of action, a mere appearance shall not be deemed an appearance, to any cause except such as the defendant shall have had due notice of, according to § 2812 hereof, and such causes shall be dismissed."

Under this section, we do not think that defendants were entitled to a continuance as a matter of course, for this de-

fect in the notice. For cause shown, they might be, but not otherwise. There was always a seeming, if not an actual inconsistency in permitting a party to come into a court of justice and say he was not there. But however logical and consistent this may have been, when he was brought in by the command of a summons, issuing out of and under the seal of the court, there never was anything but absurdity in allowing him to say to a notice : " I made an appearance specially, but I am not in court." The reason and good sense of the thing is, that if he make an appearance for any purpose, the notice has then answered its purpose, and a second one should not be required. If then in court, having timely notice, he should be held to answer, unless he can show that by reason of the defect complained of, he has not been able to prepare his defense. Take this case as an illustration. Defendants appear and move to quash, in substance because the notices did not advise them when the court was to be held. The objection was well taken, but it was no good cause for quashing the notice. Under the statute, the notice had answered its purpose, and so far as an appearance was concerned, had as well be out of the record. But why should they not answer ? Or why upon a simple request, without a showing, should they be entitled to a continuance? It might be urged as an objection to being compelled to answer; and the court, it satisfied from all the facts that the party was taken by surprise, or did not in fact know in sufficient time when he was to appear, might in its discretion give time. This view we think is in accordance with the spirit and letter of the provision, and the whole tenor of the Revision.

Plaintiffs were entitled to a default, for want of an answer, there being no attempt to show cause for a continuance. The causes will be remanded, with instructions to enter the defaults, unless defendants shall have leave, for good cause shown, to answer.

                                                    Reversed.