Haws v. Clark.

2. CONTRACT.

---

HAWS *et al.* v. CLARK.

1. **Guardian's sale:** JURISDICTION: NOTICE. Notice of a guardian's sale should be returnable at a regular term day of the county court. A sale based on a notice returnable at a different day was held invalid.

2. **Guardian:** REMOVAL OF. Where it appears from the record that a former guardian was suspended on account of his failure to respond to a citation to appear and settle his accounts, and another was appointed, it in effect amounts to an order of removal from the guardianship.

| 37 | 355 |
| 99 | 365 |
| 37 | 355 |
| 103 | 373 |
| 37 | 355 |
| 126 | 657 |
| 37 | 355 |
| 128 | 640 |
| 37 | 355 |
| 140 | 84 |

*Appeal from Adair Circuit Court.*

TUESDAY, OCTOBER 21.

ACTION at law to recover certain lands in Adair county. There was a trial of the case to the court without a jury, and a judgment for plaintiffs; defendant appeals. The facts appear in the opinion.

*E. J. Goode* and *J. M. St. John* for the appellant.

*Geo. L. Gow* and *John Leonard* for the appellee.

BECK, Ch. J.— The evidence shows that the title to the lands is in plaintiffs by descent from their father and that they now hold the same, unless it be divested by the guardian sale under which defendants claim title. The sufficiency of that sale and the proceedings whereon it is based, present the questions that are involved in the case. Several points are raised and discussed by counsel which involve the jurisdiction of the court of probate making the order for the sale. In our opinion one of them is decisive of the question of jurisdiction and will be alone considered. Our attention, therefore, will be confined to it.

1. GUARDIAN'S SALE.

I. On the 27th day of July, 1868, a petition was filed by a former guardian in the county court, asking for the sale of the lands of plaintiffs which are involved in this suit. This petition may be regarded as sufficient in form and presenting proper grounds to authorize the sale prayed for. A notice was issued on the same day addressed to plaintiffs, and a copy of the petition was attached thereto. It requires the plaintiffs to appear and answer on the 21st day of September, 1868, and was served on the 9th of September. The sufficiency of the service may be admitted. No other notice was given. It was shown by parol evidence that, on the 21st of September, the application was adjourned to the 5th of October following, at

the request of the guardian's attorneys, and that it was again adjourned to the 26th of same month, when an order for the sale of the lands was made. There is no record evidence of these adjournments, and there was no appearance for the minors by guardian *ad litem* or otherwise, at any time. Neither the 21st of September nor the 26th of October were days whereon the terms of court were held as fixed by law. October 5th was a regular term day.

Revision, section 2553, provides, in regard to proceedings for the sale of the lands of minors, as follows: " The petition for that purpose must state the grounds of the application, must be verified by oath, and a copy thereof with a notice of the time at which such application will be made to the court, must be served personally upon the minor, at least ten days prior to the time fixed for such application."

Revision, section 261, as amended by chapter 99, Act 10th General Assembly, is as follows: " The county court shall be considered in law as always open, but for the transaction of business requiring notice the judge shall hold regular sessions on the first Monday of each month."

Under this legislation it will be assumed that a notice was required to be served upon the minors. That the notice was necessary to confer jurisdiction upon the court cannot be questioned. Neither can it be doubted, that the notice is required to be returnable at a *term* of the court, and that the application should, at a term, be heard and determined. Without determining whether the court may acquire jurisdiction of such a proceeding, so that it may decide thereon at a time not within the regular terms, to which the case may be adjourned, we will proceed to inquire as to the effect of the notice fixing the time at a day other than a regular term day of the court.

As the notice must be returnable at a term of the court, and the proceedings must be set for determination upon a term day, it is obvious that a notice returnable at a different time, and requiring appearance of the parties notified at a time other than that prescribed by law, is not such a one as is contem-

plated by law. It is a notice, in essential particulars, different from the lawful notice required. It is, then, a case, not of defective notice, but of no notice at all. The notice served was not the notice required by the statute to be given. We speak not of the form of the notice or of its service; but the very substance of the notice fails to comply with the law.

Considering that the notice required by the statute is essential to confer jurisdiction upon the county court in proceedings of this character, a proposition that cannot be doubted, we find that the rule above announced has been recognized by this court, and applied to cases in the district and other courts of record of the State.

Notice to defendants in causes depending in these courts, under the statute, must require the appearance to be upon the second day of the term. Rev., § 2812. It has been held that a notice requiring the defendant to appear at a day before the term does not confer jurisdiction upon the district court to render judgment. *Boals* v. *Shules*, 29 Iowa, 507, 509, and cases cited.

This is not a case of defective notice, as *Shawhan* v. *Loffer*, 34 Iowa, 217, or *Shea* v. *Quintin*, 30 id. 58, wherein there has been an adjudication of its sufficiency, but of *no notice* at all — an utter absence of the notice required by law. The county court, therefore, acquired no jurisdiction of the persons of the minors.

As this point is decisive of the case, and settles the invalidity of defendant's title, others made and argued by counsel touching the jurisdiction of the county court and the regularity of the proceeding therein, need not be considered.

II. The defendant insists that this action cannot be maintained because the guardian who prosecutes it has no authority
2. GUARDIAN.          to act, the former guardian never having been
removed. The record does not sustain in point of fact this position. It does appear that the former guardian was suspended on account of his failure to respond to a citation to appear and settle his accounts. We understand the

order of the court to be in effect for his removal from the guardianship of the minors.

There are no other points in the case that require consideration. The judgment of the circuit court is

Affirmed.