63   589
d107  414

THE JONES & MAGEE LUMBER CO. v. BOGGS ET AL.

1. **Mechanic's Lien:** NOTICE TO LIEN-HOLDER TO SUE: FAILURE TO COMPLY WITH: FACTS CONSTITUTING: WAIVER OF FAILURE. Where the owner of a house gave notice to a material-man claming a mechanic's lien, to bring suit thereon, it was incumbent upon the latter to begin such suit within thirty days after such notice, in order to save the lien from forfeiture; (McClain's Statutes, p. 602, § 13;) but such suit was not begun by the service within the thirty days of an original notice which named as the appearance day a day already past; nor was the case in any way aided by the service, after the thirty days had expired, of a second notice, correctly reciting the appearance day; and the appearance of the owner as defendant on the day named in the last notice was not a waiver of his right to insist upon the forfeiture.

*Appeal from Union Circuit Court.*

WEDNESDAY, JUNE 4.

ACTION to establish a mechanic's lien. The court refused to do so, and dismissed the petition, and the plaintiff appeals.

*D. W. Higbee* and *R. H. Hanna,* for appellants.

*James M. Locke,* for appellees.

SEEVERS, J.—The plaintiff furnished the defendant, Boggs, lumber for the erection of two houses he had contracted to construct for his co-defendant, C. E. Locke. In August, 1882, the plaintiff filed in the clerk's office the statement required by law claiming the lien. On the second day of September, 1882, the defendant, Locke, caused to be served on the plaintiff a written demand to commence suit to enforce the lien. On the seventh day of October, 1882, the plaintiff caused to be served on the defendants what is claimed to be an original notice of the commencement of an action to establish the lien. In this notice the defendants were notified that the petition would be filed on or before the twenty-second day of February, 1883, and the claim and lien the action was brought to enforce were sufficiently described. But the defendants were notified to appear and "defend before noon of the second day of the term of the said circuit court of Union county to be held on the fifth day of March, 1882."

On the nineteenth day of February, 1883, the plaintiff caused another notice to be served on the defendants, for the purpose of correcting a "clerical error in the notice in this case served October 7, 1882, wherein the citation was to appear on March 5, 1882, which should have been, as in this notice, March 5, 1883."

I.   It is provided by statute as follows:   "Upon the written demand of the owner, his agent or contractor, served on the person claiming the lien, requring him to commence

suit to enforce such lien, such suit shall be commenced in thirty days thereafter." McClain's Statutes, page 602, § 13. Under this statute, the suit must be commenced within thirty days after the service of the requisite notice. Actions are commenced by serving the defendants with the required notice, or delivering the same to the sheriff with intent to be served immediately. Code, § § 2532, 2599.

But such notice must be the required statutory notice, and must in substance conform thereto. The statute requires the notice to state the "term at which the defendant is required to appear, naming it." If it does not do this, jurisdiction is not obtained, and a default entered in such action would be a nullity. *Kitsmiller v. Kitchen*, 24 Iowa, 163; *Boals v. Shules*, 29 Id., 507; *Haws v. Clark*, 37 Id., 355.

No action, therefore, was commenced by the service of the notice on the seventh day of October, for the simple reason that no valid judgment could have been entered, unless there had been a voluntary appearance.

II. The notice subsequently served was not in time. The thirty days within which the action must be commenced had expired long prior to the service of this notice. It was after the service of the notice that the defendants appeared and pleaded that plaintiff had failed to commence the action within the time required by law. By so appearing and pleading, the defendants waived nothing. If they had failed to appear, a judgment by default could not have been lawfully entered against them. It seems to us that it is immaterial whether the first notice was void or merely defective; for it is certain that no valid judgment could have been rendered in the so-called action; and, therefore, no such action was commenced, as contemplated by statute.

AFFIRMED.