FRANK WALTERS v. W. C. BLAKE AND ELLEN BLAKE,
Appellants.

**Original Notice: DEFAULT:** *Second term.* Defendant served with
original notice less than ten days before the first day of the term,
at which the notice requires him to appear, must appear at the
next term thereafter, under Code, section 2602, and judgment by
default may be entered against him, in case of his failure to do so.

*Appeal from Cedar Rapids Superior Court.*—HON. T.
M. GIBERSON, Judge.

TUESDAY, JANUARY 19, 1897.

THE original notice was served November 23,
1894, requiring defendants to appear at the December
term, beginning December 3.   At the following term,
judgment by default was entered, and thereafter a
motion to set aside such judgment was overruled, and
defendants appeal.—*Affirmed.*

*Hubbard & Dawley* for appellants.

*Jamison & Burr* for appellee.

LADD, J.—The defendants were not served in time for the December term of court, only nine clear days intervening between the service of the notice and the first day of such term. They question the jurisdiction of the court to enter default on this service at the following term. Section 2599 of the Code relates to the manner of beginning actions, and provides, among other things, that the notice shall name the term at which the defendant is required to appear. Section 2602 has reference to the time of the service. The defendant, if served, within the county where the suit is brought, ten clear days before the first day of the next term, shall be held to appear at such term. "If not so served, he shall be held to appear at the second term after service." The language of these sections is so plain that discussion tends to obscure, rather than to elucidate, its meaning. If notice is served before, but not in time for the term named therein, the defendant must appear at the next term thereafter, or judgment by default may be entered against him.—AFFIRMED.