UNITED ORDER OF GOOD SAMARITANS *v.* BROOKS.

Opinion delivered April 13, 1925.

1. JUDGMENT—VALIDITY OF DEFAULT JUDGMENT.—A judgment by default rendered after the time fixed by statute (Crawford & Moses' Dig., §6092) for answer *held* not void because the summons stated that the complaint would be taken as confessed unless answered within 20 days (instead of 30 days) from service of summons, where defendant failed to plead within 30 days.

2. JUDGMENT—DEFAULT JUDGMENT—MERITORIOUS DEFENSE.—A motion to vacate a judgment by default must allege a meritorious defense to the cause of action.

Appeal from Arkansas Circuit Court, Southern District; *George W. Clark,* Judge; affirmed.

*J. R. Booker,* for appellant.

*T. J. Moher,* for appellee.

SMITH, J. Appellant is a fraternal benefit society, organized and doing business under the laws of this State, and was the defendant in a suit brought by appellee to recover on a benefit certificate which it had issued.

The suit was filed on October 12, 1923, and summons was served on the following day. This summons read that an answer was required of the defendant "within twenty days from the service of the summons," or the complaint will be taken as confessed.

The suit was brought to the January, 1924, term of the Arkansas Circuit Court, Southern District, and, on the 21st day of January, the cause was heard before a jury, and a verdict was rendered in favor of the plaintiff for the face of the benefit certificate, and judgment was pronounced accordingly. On the following day the

defendant appeared and filed a motion to set aside the judgment and to quash the service. This motion was overruled, and the defendant society has appealed.

There is no bill of exceptions in the case, and the sole question presented is whether the court should have vacated the judgment and quashed the summons.

Section 6092, C. & M. Digest, provides the method of service of process on fraternal benefit societies such as the appellant company is, and, by this section, it is provided that "no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society."

We think there was no violation of this statute in the rendition of the judgment appealed from. The recitals of the summons were not effective to abridge the length of time given to plead, but it could and did apprise the defendant of the pendency of the action, and could not be ignored because of the erroneous recital that the allegations of the complaint would be taken as confessed after twenty days. The law gave the defendant thirty days in which to plead, and it was not in default until the expiration of that time. But the law gave only thirty days for that purpose, and this time was not extended by the erroneous recital contained in the summons.

The defendant knew, when the summons was served, that its time could not be shortened to twenty days, because the statute required a service of thirty days, but the defendant must also have known that the service would be complete after thirty days, because the statute so provides.

The defendant had full thirty days in which to plead, but failed to avail itself of this right. As a matter of fact, the judgment was not rendered until the 88th day after the service of the summons. Moreover, the defendant did not allege that it had a meritorious defense to plaintiff's cause of action. *Sovereign Camp Woodmen of the World* v. *Wilson,* 136 Ark. 546.

The present appeal is planted on the proposition that, inasmuch as the summons required that defendant plead within twenty days, it was not served at all, and the court acquired no jurisdiction to render judgment at any time.

Such was not the purpose of the statute. The summons advised the defendant where it was sued and the term of court in which it would be required to answer, and the law gave it thirty days in which to file such pleading as was thought appropriate. That time, and more, was afforded, and defendant was in default when the judgment was rendered, and the court committed no error in refusing to vacate the judgment, and it is therefore affirmed.