## FLORENCE et al. v. SWAILS.

### No. 3250.

Court of Civil Appeals of Texas. El Paso.
July 11, 1935.

Robt. W. Cummins and Edwin M. Fulton, both of Gilmer (C. E. Florence, of Gilmer, of counsel), for plaintiffs in error.

E. H. Murphy, of Longview, for defendant in error.

WALTHALL, Justice.

R. C. Swails, on the 29th day of October, 1932, in Gregg county, brought this suit against Jack W. Anderson and Mary E. Stephens, on a stated account for the sum of $600, and had a writ of attachment levied on a wooden derrick on an oil lease in Upshur county. On December 23, 1932, Anderson and Mary E. Stephens filed their replevy bond in the sum of $500, with plaintiffs in error as sureties thereon. On June 19, 1933, judgment was rendered in favor of defendant in error, Swails, against Anderson and Mary E. Stephens for $600, and foreclosure of the attachment lien on the attached property. In the judgment the trial court found and stated that "the oil well derrick levied upon * * * had not been replevied * * * and said property is still in the hands of the sheriff of Upshur county."

On April 13, 1934, Swails filed in the same suit a "petition for amendment of judgment," praying that same be set for trial; that C. E. Florence and Edwin M. Fulton, sureties on the replevy bond, be notified; and that judgment be rendered nunc pro tunc as of June 19, 1933, amending and reforming the former judgment so as to include Florence and Fulton in the judgment for $600, with interest.

On May 7, 1934, citation was issued to Fulton and Florence to appear before the court on May 12, 1934. Citation was served, and on May 12, 1934, judgment was entered correcting and reforming, nunc pro tunc, the former judgment of June 19, 1933, "so as to include as judgment debtors therein" Fulton and Florence, and making said sureties jointly and severally liable with the original debtors in the sum of $600, and interest.

Plaintiffs in error duly prosecute this appeal from said judgment.

### Opinion.

Plaintiffs in error by appropriate propositions point out several sufficient reasons why the judgment should not have been rendered against them. Citation had not been served upon plaintiffs in error for a sufficient length of time; their replevy bond was in the sum of $500, while the judgment rendered was for $600. Such errors would be cause for reversing and remanding only.

We think, however, that under the facts no nunc pro tunc judgment, though with proper citation and for a proper amount, could have been entered at that term in the original case of Swails v. Anderson and Stephens.

In the original suit final judgment had been entered in favor of plaintiff and against defendants, foreclosing the attachment lien. That term of court had adjourned. The proceeding here was not to enter something now that had, or could, or should have been then entered as a part of the original judgment. The court did not intend to enter judgment against plaintiffs in error in the original judgment. They were not before the court. The judgment here is in no sense a correction or revision of the original judgment. Whatever was adjudicated in the original judgment remains adjudicated. What the court did not then pronounce may not now be pronounced. A court rendering judgment may correct a clerical error, but not a judicial error after the term in which the judgment was rendered has expired. A court may not correct its judgment after the term in which the judgment was rendered, except where the judgment as entered on the record is not the judgment rendered by the court. Arrington v. McDaniel, 119 Tex. 148, 25 S.W.(2d) 295; Milam County v. Robertson, 47 Tex. 222; Ex parte Lohmuller, 103 Tex. 474, 129 S. W. 834, 29 L. R. A. (N. S.) 303; Jones v. Bass (Tex. Com. App.) 49 S.W.(2d) 723.

For reasons stated, the judgment is reversed and the case dismissed.