INHABITANTS OF DOVER-FOXCROFT

*vs.*

INHABITANTS OF LINCOLN.

Piscataquis.     Opinion, June 28, 1937.

*C. W. & H. M. Hayes,* for plaintiffs.
*Ernest A. Atherton,*
*Cornelius J. O'Leary,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    Counsel, on appearing below, made his appearance special. *Larrabee* v. *Larrabee,* 33 Me., 100 ; *Thomas* v. *Thomas,* 98 Me., 184, 56 A., 651. He seasonably moved to dismiss the action. Rules of Court, 129 Me., 505 ; *McAlpine* v. *Smith,* 68 Me., 423 ; *Kehail* v. *Tarbox,* 112 Me., 327, 92 A., 182. The ground of the motion was that, for want of a proper return day, the summons of the writ (a copy of the writ had been left in service), was insufficient to bring the defendant town within the jurisdiction of the court.

Issuance of the writ was from the Superior Court, in Piscataquis, on November 25, 1935 ; the sheriff was commanded to summon defendant to come and appear, on the second Tuesday of March, 1935, a day already past. In no other way or manner was the writ indicative of the time of the sitting of the court.

The motion for dismissal was denied, subject to exception.

The court consented, on motion by plaintiffs, to the striking from the writ of the numerals 1935, and to the inserting, instead thereof, of 1936, thereby making the precept read to the March Term in the latter year. This, it may well be, accords with original intention, the March Term having been, in reference to the day the writ was sued out, the one next thereafter to be held in the county. R. S., Chap. 91, Sec. 21.

The ruling was excepted.

When, despite circumstantial errors, the person and the case may be rightly understood, no process·shall be abated. R. S., Chap. 96, Sec. 11.

Not unlikely, in the case in hand, mistake crept in through thoughtlessness, but·the test to be applied is, not sheer error from want of care, but blunder going to substance. In the absence of statutory sanction, that kind of mistake is not amendable.

True, erroneous return day dates have been amended. *Barker* v. *Norton*, 17 Me., 416; *Lawrence* v. *Chase*, 54 Me., 196; *Guptill* v. *Horne*, 63 Me., 405. True, again, that syllabusses, and digests, and general phrases in judicial opinions, state the investiture, in such connection, in the judiciary, of amendatory power. In each of the cases cited, however, there had been the entry by the defendant of a general appearance. *Bunker, Appellant*, 129 Me., 317, 319, 151 A., 669. It is commonly understood that appearing generally waives objections to the process. Whether, over specific objection, making substantial defect known, there might be correction, was not of decision.

Here,·the point of the right of the court to adjudicate concerning the particular case, was duly made.

Sufficient notice, and adequate opportunity to defend, are fundamental rights; they are immunities indispensable to a free government. A writ, to be good, must specify the court to which it summons appearance, and the place where, and the time when, the sitting of the court is to be. *Lyon* v. *Vanatta*, 35 Iowa, 521.

To name an impossible day is tantamount to naming no day at all; an omission like that renders the summons not simply defective, but no summons.

In deciding a case where the question now present was raised, Shaw, C. J., in the course of his opinion, said that the writ is the foundation of all further proceedings. *Bell* v. *Austin*, 13 Pick., 90. As the writ, to recur to the case, and summarizing, is the only mode of notice to the defendant that he is impleaded, it seems reasonable, to save his rights, he should be distinctly informed of the time, as well as the place, at which his appearance is required. *Bell* v. *Austin*, supra.

The law of Massachusetts now is that if defendant does appear, though only to move to quash, the writ may be amended. *Hamilton*

v. *Ingraham,* 121 Mass., 562. "The Massachusetts statutes permitting amendments are broader than our own." Cornish, J., in *Surace* v. *Pio,* 112 Me., 496, 500, 92 A., 621.

No judgment might have been rendered on default of appearance. *Wood* v. *Hill,* 5 N. H., 229 ; *Winslow* v. *Troy,* 97 Me., 130, 133, 53 A., 1008. Appropriately informing the court of defect, and saving the point, should not militate against the defendant, where the proceedings could, with impunity, have been utterly ignored. *Penobscot Railroad Company* v. *Weeks,* 52 Me., 456 ; *Perry* v. *Griefen,* 99 Me., 420, 424, 59 A., 601.

When the parties are in court, latitude of discretion in allowing amendments is wide. But, until served, as the statute prescribes, initially, a party is not, either in contemplation of general principle, or the authority of legislatively conferred control, within the jurisdiction of the court ; there is lack of due process. *Denison* v. *Crafts,* 74 Conn., 38, 49 A., 851 ; *Brainard* v. *Mitchell,* 5 R. I., 111. See, also, *Cummings* v. *Landes* (Iowa) 117 N. W., 22.

Let the exceptions be sustained.

*Exceptions sustained.*