77 P.2d 178

STATE ex rel. STANLEY et al. v. LUJAN, Judge.

No. 4369.

Supreme Court of New Mexico.

March 1, 1938.

E. L. Medler, of Hot Springs, and W. C. Whatley, of Las Cruces, for relators.

J. C. Gilbert, of Hot Springs, for respondent.

PER CURIAM.

In the case of W. A. Cronin and H. L. Carter, plaintiffs, v. L. E. Shoup, W. H. Duncan, Michael P. Fominyh, and First National Bank, in Albuquerque, defendants, pending in the district court of the Seventh judicial district of the state of New Mexico within and for the county of Sierra, No. 2819, the court appointed J. C. Gilbert receiver, and later issued a turnover order directed to H. E. Stanley and R. A. Tipton, commanding them to deliver to said receiver listed personal property consisting of mining tools and equipment, or, if not in their possession, to disclose to said receiver the whereabouts of said property, or show cause within three days why they should not comply with said order. The order was personally served in Sierra county.

The said Stanley and Tipton, as relators, here seek to prohibit the Hon. Eugene D. Lujan, judge of the Seventh judicial district court, from enforcing said order. Relators maintain that respondent has no jurisdiction in said cause No. 2819 of the property involved, the possession of which it is admitted relators had under claim of ownership prior to the appointment of the receiver, nor of relators, since they are not parties to said cause.

Relators also urge that the complaint in cause No. 2819 fails to state a cause of action entitling the plaintiffs to equitable relief or the appointment of a receiver. We held in effect in State v. Medler, 17 N.M. 644, 131 P. 976, Ann. Cas.1915B, 1141, and in State v. District Court of Eighth Judicial District, 38 N.M. 451, 34 P.2d 1098, 1099, that if a court proceeds upon a complaint which does not state a cause of action, it is error reviewable upon appeal or writ of error, and not by prohibition. In the last-cited case we said: "It might be convenient, in this case as in many others, to stop proceedings as soon as it appears that there is an irremedial defect in the cause of action. Such is not the policy of our law. Such a system might develop delays and other inconveniences offsetting entirely the advantages often suggested for it."

See Vukovich v. St. Louis, Rocky Mt. & Pacific Co., 40 N.M. 374, 60 P.2d 356, where this cause was again before us on appeal. Whether a complaint for the appointment of a receiver where the authority of the receiver is questioned by third parties is an exception to the rule we find it unnecessary to decide.

Relators strenuously urge that as strangers to cause No. 2819, in possession of property the title to which is admittedly in dispute, they are entitled to due process— that they should be made parties to cause No. 2819 in the regular way, 1929 N.M. Comp.St.Anno., § 105-607, or the receiver should proceed against them by suit in the ordinary manner, and that in either case the time allowed for answer is fixed by statute.

We said in Parsons Mining Co. v. McClure, 17 N.M. 694, 133 P. 1063, 1069; 47 L.R.A.,N.S., 744: "The receiver who was finally appointed and qualified, found in possession of the property a stranger to the record, claiming to own the property, and protesting against any interference with its possession. This cannot ordinarily be done. See Havemeyer v. Superior Court, 84 Cal. 327, 24 P. 121, 10 L.R.A. 627, 18 Am.St.Rep. 192. Rights to property cannot ordinarily be tried in a summary manner by the appointment of a receiver who arbitrarily takes possession of the same. The more orderly and proper method, in cases where property is found in the possession of a stranger to the record, claiming ownership and right to possession of the same, and which is sought to be taken into possession as the property of another person, is to authorize the receiver to bring a suit to try the title."

The question for decision is in principle much like the point involved in Hammond et al. v. Eighth Judicial District Court, 30 N.M. 130, 228 P. 758, 760, 39 A.L.R. 1490, where the summons was returnable at a shorter time than prescribed by law. After holding that the summons was defective, in that it gave the party less time than that prescribed by statute within which to prepare for the hearing, and was therefore invalid, we said: "Having determined that the summons was defective in the manner hereinbefore pointed out, it becomes necessary to decide what results therefrom; that is, whether such defect rendered the process void, and, consequently, gave the court no jurisdiction over the person of the defendants, or whether it merely rendered such process voidable, and therefore brought the defendants within the jurisdiction of the court, with the privilege on their part of taking advantage of such defect by a motion to quash. The authorities upon this question are not harmonious. In fact, they are in hopeless conflict; but we think the better reasoned cases support the view that such process is void and confers no jurisdiction whatever over the person of the defendants. For the various cases discussing the subject and arriving at their divergent views, see the notes appended to Lockway v. Modern Woodmen of America, Ann.Cas. 1913A, 555, and Flanery v. Kusha, 6 A. L.R. 838."

We are constrained to hold on the authority of this case that the court did not obtain jurisdiction by service of the three-day order.

However, it is maintained by counsel for respondent that E. L. Medler, Esq., counsel for relators, in communicating with Judge Lujan regarding the hearing on the order to show cause and obtaining an extension of time in which to answer, entered a general appearance for relators. The lower court has made no ruling upon this point, and we hold that the question must be submitted to that court. We said in Board of Commissioners of Guadalupe County v. District Court, 29 N.M. 244, 223 P. 516, 521: "There is a spirit of confidence and respect which should at all times be entertained between courts of superior and inferior jurisdiction. And that a question pending before an inferior court will be correctly decided should always be assumed by us."

For the reasons stated, the alternative writ of prohibition will be discharged, and it is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, BRICE, and ZINN, JJ., concur.