Edward W. Krueger, appellant, v. Ralph N. Lynch, appellee.

No. 47847.

(Reported in 48 N.W.2d 266)

June 5, 1951.

Hall, Galloway & Swanson, of Des Moines, for appellant.

Chas. W. Bowers, of Des Moines, for appellee.

Thompson, J.—The original notice herein was served by the sheriff of Polk County upon the defendant on April 12, 1950. No copy of the petition was attached, and the petition was not filed until April 13, 1950. The notice was in this form:

"You are hereby notified that the petition of the plaintiff in the above entitled action will be on file April 15, 1950, in the office of the clerk of the district court of Iowa, in and for Polk County, claiming of you the sum of $6281.60, as the result of an assault committed upon the body of the plaintiff on or about

April 25, 1948; said assault causing this plaintiff to be hospitalized for a period of more than three months, to expend the sum of $56.60 for hospital expenses, to expend the sum of $150.00 for medical expenses, to be away from gainful employment for a period of over three months, all of which resulted in great pain and suffering to this plaintiff, and has caused permanent injuries to this plaintiff. You are further notified to appear before said court at Des Moines, in Polk County, Iowa, within *20* days after the service of this notice upon you, and that unless you so appear, your default will be entered and judgment or decree rendered against you for the relief demanded in the petition." (Italics supplied.)

There was also printed in the notice, and upon its face, the following: "Note: If petition is neither filed nor copy attached, appearance date must be 30 days."

The special appearance was bottomed upon the claim that the notice as served failed to comply with the requirements of rule 50, R. C. P., which specifies what the contents of an original notice shall be, and rule 53, which says when the defendant shall be required to appear under various conditions, including the situation when the petition is not on file at the time of service and a copy is not attached to the notice. The trial court upheld this contention, ruled that the notice was void, and quashed the service.

In the background of this appeal is the question of the statute of limitations; but it is of no importance so far as the determination of the legal issues involved here is concerned and will not be considered or referred to further.

I. We begin with a consideration of the authorities bearing upon the question of whether the notice was so defective that it must be considered as no notice, or whether it was a mere irregularity insufficient to support a special appearance, or whether it was in fact no irregularity at all. We set out at this point Rules of Civil Procedure Nos. 50 and 53. Rule 50 says:

"Contents of original notice. The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. It shall name the plaintiff, the court, and the city or town, and county where the court convenes. It shall state either that the petition is on file in the office of the

clerk of the court where the action is brought, or that it will be so filed by a stated date, which must not be more than ten days after service. It shall notify defendant to appear before said court within the specified number of days after service required by rule 53 or rule 54, and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief demanded in the petition. A copy of the petition may· be attached; but if it is not or if the service is by publication, the notice shall contain a general statement of the cause or causes of action and the relief demanded, and, if for money, the amount thereof."

Rule 53 follows:

"Time for appearance. A defendant served by publication only, must appear on or before the date fixed in the notice as published, which date shall not be less than twenty days after the day of last publication. If served in any other manner, the defendant shall appear within twenty days after the day the original notice is served on him in all cases where:

"(a) A copy of the petition is attached to the original notice; or

"(b) The petition is on file when the notice is served, and the notice so states.

"In all other cases the defendant shall appear within thirty days after the day such notice is served. Unless he so appears, he will be in default; but if he does appear, he shall have time to move or plead as provided in rule 85."

The appellee says that rule 50 requires that he be advised to appear before the court within the number of days specified in rule 53; that he was entitled to be notified that he had thirty days, and since he was in fact required to appear within twenty days the notice was entirely void. He cites Pendy v. Cole, 211 Iowa 199, 233 N.W. 47; Fernekes & Bros. v. Case, 75 Iowa 152, 39 N.W. 238; Swan v. McGowan, 212 Iowa 631, 231 N.W. 440; and Union Savings Bk. & Tr. Co. v. Carter, 214 Iowa 1131, 243 N.W. 523.

The Swan case is of no aid to defendant. It holds only that it was not necessary to name the actual appearance date if the defendant was notified to appear on or before the second day of

the next (properly designated) term. The other three cases last-cited turn upon the fact that an erroneous date was given for the commencement of the term at which the defendant was required to appear. Other cases, such as Boals v. Shules, 29 Iowa 507, might be cited to the same effect. The reason for the rule is pointed out in Pendy v. Cole, supra, at page 201 of 211 Iowa, where it is said:

·"But the alleged notice in this case purported to fix the date of the term as of a certain mistaken date. *The incorporation of such mistaken date was necessarily misleading.* In such a case we have held repeatedly that the mistake is fatal to the validity of the notice." (Italics supplied.)

There are other Iowa cases in which a defective notice has been held void. In Kitsmiller v. Kitchen, 24 Iowa 163; Decatur County v. Clements, 18 Iowa 536; Van Vark v. Van Dam, 14 Iowa 232; and Des Moines Branch of the State Bank v. Van, 12 Iowa 523, the notice failed to state the term or the time of its commencement, merely referring to the next term of the court. In other cases, notices which gave a return date already past, or which were unsigned, have been held void. These holdings approach the question involved here but do not reach it.

If the notice involved in this case is to be held so defective as to be void and therefore to give no jurisdiction over the defendant, it must be because it required him to appear within *twenty* days, when under rule 53 he was entitled to *thirty* days. He was not misled by an incorrect date for the commencement of a term of court, nor did any of the other defects pointed out in the Iowa cases above referred to appear. There is no Iowa authority, apart from the statute and case which will be considered in Division. II hereof, which reaches this situation. But it has been before the courts of other jurisdictions, and they have upheld the validity of the service. In United Order of Good Samaritans v. Brooks, 168 Ark. 570, 571, 270 S.W. 955, 956, the Arkansas Supreme Court had an identical situation before it. A statute of that state provided for the method of service of process upon a fraternal benefit society, such as the appellant. The material part is set out: " 'No such service shall be valid or binding against any such society when it is required thereunder

to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society.' "

The notice served upon the company required it to appear within "twenty days from the service of the summons." It did not appear, and after thirty days judgment was rendered against it. Thereupon it appeared and asked that the judgment be set aside and the service quashed. This the Arkansas court refused to do, saying:

"We think there was no violation of this statute in the rendition of the judgment appealed from. The recitals of the summons were not effective to abridge the length of time given to plead, but it could and did apprise the defendant of the pendency of the action, and could not be ignored because of the erroneous recital that the allegations of the complaint would be taken as confessed after twenty days. The law gave the defendant thirty days in which to plead, and it was not in default until the expiration of that time. But the law gave only thirty days for that purpose, and this time was not extended by the erroneous recital contained in the summons.

"The defendant knew, when the summons was served, that its time could not be shortened to twenty days, because the statute required a service of thirty days, but the defendant must also have known that the service would be complete after thirty days, because the statute so provides."

The fact situation is identical, and the reasoning appeals to us as sound.

In Lockway v. Modern Woodmen of America, 116 Minn. 115, 133 N.W. 398, Ann. Cas. 1913A 555, a factual situation very similar to that existing in the Arkansas case just cited appeared. Here also the statute provided that no service upon a fraternal benefit association should be valid or binding when it was required to appear in less than thirty days after service. The summons as served required appearance in twenty days. The trial court refused to hold that the service was void, but permitted the plaintiff to amend it by changing the "20" to "30", and, as so amended, held it to be a valid service. This ruling was upheld by the Minnesota Supreme Court. To the same effect is Barker Co. v. Central West Inv. Co., 75 Neb. 43, 105

N.W. 985. Some attempt is made to distinguish these cases because in Minnesota and Nebraska actions are commenced through service of summonses, which issue from the court. But the Minnesota court has said, in Flanery v. Kusha, 143 Minn. 308, 309, 173 N.W. 652, 6 A. L. R. 838, that: "A summons is not process, but merely a notice to defendant that an action against him has been commenced and that judgment will be taken against him if he fails to answer." The same holding appears in Spokane Merchants Assn. v. Acord, 99 Wash. 674, 676, 170 P. 329, 330, 6 A. L. R. 835, and in Wagnitz v. Ritter, 31 Wash. 343, 71 P. 1035.

The summons as used in the cited cases and as applicable to the case at bar serves the same purpose as our original notice, and its amendment in the Minnesota and Nebraska courts was a formality only. Permission to amend was, in effect, a holding that the claimed defect in the summons was not jurisdictional. That this is so is shown by 50 C. J., Process, section 357, page 605, where it is said: "The amendment need not always be actually made, for if the defect is amendable the writ may be deemed amended whenever the objection is taken * * *." And in the same volume, section 359, page 606, we find this: "An amendment of process will ordinarily be deemed to relate back to the time of the commencement of the suit, validating all acts done under the process * * *."

See also 42 Am. Jur., Process, section 20, page 21. Of course, we have no such practice in Iowa as the amendment of an original notice after service; the authorities set out in this paragraph are cited for the purpose of showing that the real holding of the courts which have permitted amendment of the summons is, in effect, that the defendant was given a valid and jurisdictional notice.

In an earlier case the North Carolina Supreme Court laid down the same rule. The facts involved in Guion v. Melvin, 69 N. C. 242, 248, were closely comparable to the matter under consideration here. We quote from the court's opinion:

"We do not say that this deviation from the statute form is such an irregularity as will make the summons void, although it is always best and safest to follow the form prescribed by the

Code. But clearly the defendant cannot be abridged of any right by such an irregularity; he is not obliged to appear until the twentieth day after service, exclusive of the day of service, and any proceeding had before that day is null and void. We think the probate judge was not bound to dismiss the proceeding for the irregularity, but that he should have allowed the defendants the time allowed by the Code for an appearance."

We agree with the reasoning and holding of the authorities cited above.

II. We have, in the preceding division, discussed the authorities in other jurisdictions, and have pointed out that the Iowa cases cited by appellee do not reach or determine the particular claimed defect before us upon this appeal. Strictly speaking, however, the case is not one of the first impression in this state, and we need go no further than our own Rules of Civil Procedure to make the proper decision. We have set out above rules 50 and 53, which are the applicable laws governing the situation as we have it here. Rule 53, as set out, has this provision: *"In all other cases* [when the petition is not on file and a copy is not attached to the notice] *the defendant shall appear within thirty days after the day such notice is served. Unless he so appears, he will be in default* * * *."* (Italics supplied.)

In the case at bar the notice stated that the petition would be on file April 15, 1950. The notice was served upon the defendant on April 12, 1950. The matter thereupon fell into the category of "all other cases" described in the final paragraph of rule 53. The defendant was entitled to thirty days to appear; but he was entitled to no more than that.

The fact that the notice as served upon defendant fixed twenty days instead of thirty for his appearance does not change the rule. The situation here is identical with that which arose under the statute which was in force in Iowa for many years (section 11059, Code of 1939) which provided that a defendant should be served with notice ten, or fifteen, or twenty days (depending upon his location) prior to the first day of the next term of court; but "If not so served, he shall be held to appear at the second term after service." We had occasion to pass upon

this part of the statute in Walters v. Blake, 100 Iowa 521, 522, 69 N.W. 879, 880:

"The defendants were not served in time for the December term of court, only nine clear days intervening between the service of the notice and the first day of such term. They question the jurisdiction of the court to enter default on this service at the following term. Section 2599 of the Code relates to the manner of beginning actions, and provides, among other things, that the notice shall name the term at which the defendant is required to appear. * * * The defendant, if served, within the county where the suit is brought, ten clear days before the first day of the next term, shall be held to appear at such term. 'If not so served, he shall be held to appear at the second term after service.' The language of these sections is so plain that discussion tends to obscure, rather than to elucidate, its meaning. If notice is served before, but not in time for the term named therein, the defendant must appear at the next term thereafter, or judgment by default may be entered against him."

■ Rule 53 supersedes Code section 11059. The conclusion seems inescapable that the effect of the italicized portion of the rule is identical with the quoted part of section 11059, both as set out above. Under the statute, if the defendant was notified to appear at a term certain, but without leaving the requisite number of days intervening between the service and the first day of the term, he must appear at the next term thereafter or suffer default. Under rule 53, if he is notified to appear within twenty days, but a copy of the petition is not attached and the petition is not on file, both the language and intent are plain that he must appear within thirty days. The rules are to be liberally construed for the purpose of promoting the speedy determination of litigation upon its merits; but we do not believe any construction is needed here. As we said in Walters v. Blake, supra, "The language * * * is so plain that discussion tends to obscure, rather than to elucidate its meaning." However, that we have favored a liberal construction and interpretation, see Rhodes v. Oxley, 212 Iowa 1018, 1020, 235 N.W. 919, 920, where we said: "We have many cases dealing with the defects of original notices and have adopted a rule of considerable liberality in

sustaining the jurisdiction of the court notwithstanding many defects in the original notice."

The notice as served upon the defendant contained, printed upon its face, these words: "NOTE: If petition is neither filed nor copy attached, appearance date must be 30 days." While not necessary to sustain the validity of the notice, this seems in itself to foreclose any fair complaint by the defendant. He was fully advised that, if a copy of the petition was not attached (which was apparent) or the petition was not filed (which he could readily, and did, discover as his special appearance shows), he thereupon had thirty days to appear.

To sustain the special appearance here would be to ignore the plain reading of the rules and to defeat their manifest spirit and purpose. Such an ultratechnical holding is not required either by precedent or reason.—Reversed and remanded.

WENNERSTRUM, C. J., and SMITH, BLISS, MANTZ, GARFIELD, and HAYS, JJ., concur.

MULRONEY and OLIVER, JJ., dissent.

MULRONEY, J. (dissenting)—I respectfully dissent. The majority feel that a number of prior decisions of this court "approach the question involved here but do not reach it." I feel they reach it and are determinative of the question in favor of the appellee. Since the prior decisions were before rules 50 and 53, Rules of Civil Procedure, we must first note the change which the rules made over the prior statutory requirements.

I. Rule 50 superseded section 11055, Code, 1939. The latter section contained the requirement in part that defendant be served with a notice "stating * * * that unless he appears thereto and defends before noon of the second day of the term at which defendant is required to appear, naming said term, and the date when and place where said court will convene, his default will be entered and judgment or decree rendered against him thereon." The requirement of rule 50 which superseded the above statute is that the notice "shall notify defendant to appear before said court within the specified number of days after service required by rule 53 or rule 54, and that unless he so appears, his default will be entered etc." It seems to me perfectly obvious

that the rule change merely involved an abandonment of court term returnable dates and a substitution of so many days from service as returnable dates for all notices. By reference to rule 53 the returnable date required by rule 50 is now twenty days if the petition is attached or then on file and thirty days if the petition is not so attached or filed. The change from statute to rule was a change from one returnable-date requirement to another. The author's comment (page 152) in Cook's Iowa Rules of Civil Procedure with respect to rule 53 is: "This Rule is in line with the modern trend to disregard the term as a measuring rod for court action." There was no change from the *requirement* that the original notice state a returnable date. With respect to rule 50, page 149, Cook's comment is: "Where a copy is not attached, the provisions of Code, §11055 have been largely retained as to the *contents* of the notice." (Italics supplied.) All notices and process in every jurisdiction upon which jurisdiction is based have always required a statement of the returnable date when the defendant is required to appear. It is admitted the case before us involves a notice with an incorrect returnable date. I do not think you can distinguish the many cases this court has decided involving notices with incorrect returnable dates as fixed by statute by merely saying they "approach but do not reach" the question involved.

II. About ninety-seven years ago in Hodges v. Brett, 4 (Greene) Iowa 345, at a time when the statute required that the notice state the hour when the defendant must appear on the return day, this court held a special appearance should have been sustained when the notice said "11 o'clock, M." When it was claimed the objection was "trifling and technical" the opinion answered:

"But the rule resulting from the decision is important. Defendants are entitled to a specific and definite notice of proceedings against them. If the notice may omit the hour, may it not on the same principle omit the day or the month? The only safe rule, in cases where jurisdiction depends upon the process, is to require a strict observance of the statute."

In Boals v. Shules, 29 Iowa 507, it appeared that the court term began on Monday, April 18, 1870, and the service of notice

on the defendant was regular and sufficient for this term except that the notice required the defendants to appear " 'on or before noon of the second day of the April term of the district court, *to begin on the 12th day of April, 1870.' "* The opinion holds the notice was insufficient; that defendants' failure to appear on the second day of the April term did not constitute a default; and the trial court rightly set aside the default without requiring an affidavit of merit or reasonable excuse.

Several other cases similar to the Boals case are reviewed in Fernekes & Bros. v. Case, 75 Iowa 152, 153, 154, 39 N.W. 238, 239. In the latter case the notice provided the defendant should appear for the August term and then said "to commence on the thirtieth day of August." The term commenced on the thirty-first day of August. The opinion cites many previous opinions of this court and holds: "We think that it must be held that the first notice was not merely a defective notice, but that it lacked an essential requirement of the statute, and that it was no notice, and that the delivery of it to the sheriff, and its service, did not arrest the operation of the statute of limitations."

We approved the rule of the Fernekes & Bros. case in Pendy v. Cole, 211 Iowa 199, 201, 233 N.W. 47, 48, where we said:

"But the alleged notice in this case purported to fix the date of the term as of a certain mistaken date. The incorporation of such mistaken date was necessarily misleading. In such a case we have held repeatedly that the mistake is fatal to the validity of the notice. Fernekes & Bros. v. Case, 75 Iowa 152. The opinion in the cited case cites our previous decisions on the same subject."

We approved the rule of the Boals and Pendy opinions in Union Savings Bk. & Tr. Co. v. Carter, 214 Iowa 1131, 243 N.W. 523, and Farley v. Carter, 222 Iowa 92, 94, 269 N.W. 34, 35. In Farley v. Carter, we held: "Each of the specific requisites of the statute is of equal rank with the others, and a failure to include any one is as fatal as the failure to include another."

The foregoing is sufficient to show this court's adherence to the general rule that the too soon returnable date in a notice renders it void. Other cases where notices with returnable dates omitted, incorrect or uncertain have been held void are: Des

Moines Branch of the State Bank v. Van, 12 Iowa 523, Van Vark v. Van Dam, 14 Iowa 232, Decatur County v. Clements, 18 Iowa 536, Kitsmiller v. Kitchen, 24 Iowa 163, Haws v. Clark, 37 Iowa 355, Jones & Magee Lbr. Co. v. Boggs, 63 Iowa 589, 19 N.W. 678, and Rhodes v. Oxley, 212 Iowa 1018, 235 N.W. 919.

The short opinion of Walters v. Blake, 100 Iowa 521, 522, 69 N.W. 879, 880, which the majority considers as the one Iowa decision in point has nothing to do with the *contents* of a returnable notice. The question there was as to the time of service and the term after service when default and judgment could be rendered. The opinion states that the statute, section 2602, Code, 1873 "has reference to the time of the service" and goes on to point out that the statute specifically provided "if not served in time for the term named therein, the defendant must appear at the next term." The case has nothing to do with a question involving an original notice with a *wrong* returnable date. This is abundantly clear from the fact that this court has been called on many times to decide questions of original notices with wrong returnable dates and the Walters case has never been cited in any subsequent opinion of this court.

We leave the Iowa authorities with, I feel, a firm rule which has been established by our decisions as stated in the Union Savings Bk. & Tr. Co. case, supra, at page 1132 of 214 Iowa, "that an original notice which states an erroneous date for the commencement of the trial term of court is *fatally defective and void.*" (Italics supplied.) See also 23 Iowa L. Rev. 246. The force of this rule is that an original notice which states an erroneous returnable date is void. We pass now to the authorities of other jurisdictions from which the majority draws support for their conclusions.

III. While there is some authority in other jurisdictions for the majority view, the general rule is otherwise. In 42 Am. Jur., Process, section 15, page 16, it is stated:

"It seems generally agreed that a summons which is returnable too soon, that is, where there is less than the number of days required by statute between the date and the return day thereof, will be quashed on motion, although in many cases the courts have held that a summons returnable in less than the required time is merely irregular and may be amended." .

An examination of the many cases collected in the notes in 6 A. L. R. 841 and 97 A. L. R. 746 shows that the American Jurisprudence appraisal of what is the general rule is correct. To these notes I merely add the following citations: State ex rel. Stanley v. Lujan, 42 N. M. 291, 294, 77 P.2d 178, 179; Inhabitants of Dover-Foxcroft v. Inhabitants of Lincoln, 135 Maine 184, 192 A. 700; North v. Town Real Estate Corp., 191 Md. 212, 60 A.2d 665; Florence v. Swails, Tex. Civ. App., 85 S.W.2d 257; Thomas v. District Court, 110 Utah 245, 171 P.2d 667.

In State ex rel. Stanley v. Lujan, supra, the New Mexico Supreme Court quoted from an earlier decision of that court as follows:

" 'Having determined that the summons was defective [in that it gave the party less time than that prescribed by' statute] in the manner hereinbefore pointed out, it becomes necessary to decide what results therefrom * * *. The authorities upon this question are not harmonious. In fact, they are in hopeless conflict; but we think the better reasoned cases support 'the view that such process is void and confers no jurisdiction whatever over the person of the defendants. For the various cases discussing the subject and arriving at their divergent views see the notes appended to Lockway v. Modern Woodmen of America, Ann. Cas. 1913A 555, and Flanery v. Kusha, 6 A. L. R. 838.' "

The majority opinion correctly states "we have no such practice in Iowa as the amendment of an original notice after service." And when one examines the cases which seemingly uphold notices with incorrect returnable dates one generally finds the notice was a summons or some form of process emanating from the court and there was statutory sanction for amendment. When the notice is a court process some authorities have stated the courts have general amendatory power, but as pointed out in Inhabitants of Dover-Foxcroft v. Inhabitants of Lincoln, supra, one usually finds in such cases "an entry of a general appearance."

It is strange that the majority, after stating our practice does not admit of amendment of notice after service, proceeds to draw almost all of its authority from jurisdictions which do. Lockway v. Modern Woodmen of America, 116 Minn. 115, 133

N.W. 398, Ann. Cas. 1913A 555, is cited. A mere reading of the case shows there was involved a mistake in a summons—a court process—and a motion by the plaintiff that this summons be amended by inserting thirty (days) instead of twenty for the returnable date after service. The trial court ordered the summons amended and the supreme court affirmed, holding certain Minnesota statutes allowing amendments to process were "ample to cover mistakes of this character."

The same is true of Barker Co. v. Central West Inv. Co., 75 Neb. 43, 105 N.W. 985, cited by the majority. The opinion points out that the court has the power to amend under a statute permitting amendment of process.

The case of United Order of Good Samaritans v. Brooks, 168 Ark. 570, 571, 270 S.W. 955, 956, represents a decided minority view. The holding in that case is all summed up in the statement that a defendant who was served with a twenty-day notice, knew that he was entitled to thirty days "because the statute so provides." The reasoning is unsound. The rule of presumptive knowledge of the law cannot be invoked to cure deviations from correctness by one who is asserting a right. One who is claiming against another cannot disregard the law, especially as to jurisdictional requirements, and rely on any rule that his opponent is presumed to know the law anyway so his mistakes were of no consequence. To so hold would mean that the original notice here would have been sufficient if the ultimatum was that defendant appear in one day or even forthwith. It would successfully write out of the rule the requirement that the notice state any certain returnable date. The rule of presumption of legal knowledge has never gone further than to prevent an excuse of ignorance of the law as immunity from punishment for violation of a criminal statute or liability for invading personal or property rights. I feel the majority opinion is a clear direction to the form printing companies to print *twenty* days in all notice forms. If the service is always to be good in thirty days if the petition is not filed or attached there is no reason to run the hazard of mistake or even ignorance of counsel as to the rule requirements.

IV. There is some mention in the majority opinion of the printed sentence in the notice: "NOTE: If petition is neither

filed nor copy attached, appearance date must be 30 days." The majority does not rest its decision on the above sentence as being compliance with the rule, but it states this sentence should "fore-close any fair complaint by the defendant." The sentence was obviously a direction to the user of the printed form. It was no part of the original notice. This sentence, like the rule on which it is based, was ignored by the form user here.

V. Finally the majority feel that to uphold the special appearance would be defeating the manifest spirit and purpose of the rules and "ultratechnical." As the majority admit, the decision of this case involves no interpretation of the rules. It is merely a question of whether the rule as to the contents of the notice is to be observed. It is immaterial whether it was oversight or clerical error as plaintiff here alleged. As stated in Inhabitants of Dover-Foxcroft v. Inhabitants of Lincoln, supra, at page 186 of 135 Maine, where the summons named a past returnable date "the test to be applied is not sheer error from want of care, but blunder going to substance."

The requirement that an original notice name a certain returnable date is not a mere technical provision. Some such requirement will be found in all notice statutes upon which jurisdiction is based. A holding that such a requirement should be observed is not, in my opinion, an "ultratechnical holding." If it is, then this court made many such holdings when requiring strict observance of the statute which made the next term the returnable date. The answer to this "technical" charge, made by this court nearly a century ago in Hodges v. Brett, supra, at page 345 of 4 (Greene) Iowa is, I feel, still sound. There we answered: "But the rule resulting from the decision is important." As I read the majority opinion the resulting rule means the plaintiff can safely give any returnable date in an original notice less than the number of days required by the rules. Carried to its logical conclusion it would mean the returnable date can be eliminated entirely. I would affirm.

OLIVER, J., joins in this dissent.