22246

Burwell D. MANNING, Jr., Eastern Corn and Grain Company, Inc., Over-
look, Inc. and Bluff Industrial Development Corporation, Respondents,
v. The CITY OF COLUMBIA, Appellant.

(327 S. E. (2d) 329)

Supreme Court

*W. Davies Merry, III, A. Camden Lewis* and *Darryl
Hawkins,* of *Austin & Lewis,* Columbia, *for respondents.*

*Joseph Wettlin* and *James S. Metts, City Attorney's Office,*
Columbia, *for appellant.*

Submitted Jan. 23, 1985.

Decided Feb. 22, 1985.

*Per Curiam:*

Appellant (Defendant below) appeals from an order granting Respondents' motion to amend a summons. We affirm.

Because we agree with the holding of the trial judge, we adopt his order as the directive of this court. It is as follows:

## ORDER

This action was commenced by summons and verified complaint dated October 6, 1982. A notice of special appearance was made by the Defendant on October 18, 1982, for the purpose of contesting the jurisdiction of the court, on the ground that the summons attached to the complaint was defective. The summons provided that the Defendant was required to answer the complaint within twenty (20) days after service, exclusive of the date of service. Rule 102 of the Circuit Court Rules of Practice affords thirty (30) days in which to answer. On October 21, 1983, Plaintiffs made a motion for leave to file an amended summons on the basis that the time for response listed in the original summons was listed improperly through clerical error, inadvertence and/or excusable neglect. The issue presently before the court is whether Plaintiffs will be permitted to amend their summons, thereby invoking this court's jurisdiction.

South Carolina Code Annotated § 15-9-100 (1976) states:

> At any time in its discretion and upon such terms as it deems just the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

Based upon this grant of discretion, and principles of equity, I hereby grant Plaintiffs' permission to amend the summons in this action.

South Carolina Code Annotated § 15-3-310 (1976) provides that a Defendant's responsive pleading must be served within twenty (20) days after service of the complaint. This Code provision was recently abrogated by Circuit Court Rule 102 which affords the Defendant thirty (30) days in which to respond after the service of the complaint. In Plaintiffs' motion to amend the summons, Plaintiffs' attorney declared that the mistake in the period for

required response was due to clerical error, inadvertence and/or excusable neglect. Considering all of the circumstances this court accepts Plaintiffs' excuse as valid. Circuit Court Rule 102 was passed by the South Carolina Supreme Court on August 31, 1982 and became effective October 1, 1982. Plaintiffs' summons was dated October 6, 1982, a mere five (5) days after the effective day of the new rule. It is easy to foresee the possibility of a typographical in the case where one is accustomed to typing twenty (20) days and the rule thereafter changes to thirty (30), especially considering the proximity of the two numbers on a typewriter keyboard. This is not to say that the summons is sufficient as originally typed, however, it does offer evidence of excusable neglect sufficient to invoke this court's discretionary power to afford the Plaintiffs leave to file an amended summons. *See, Southern Bell Tel. & Tel. Co. v. Jackson,* 102 Ga. App. 699, 117 S. E. (2d) 550 (1960); *Lockway v. Modern Woodman of America,* 116 Minn. 115, 133 N.W. 398 (1911); *Order of Good Samaritans v. Brooks,* 168 Ark. 570, 270 S.W. 955 (1925); *Krueger v. Lynch,* 242 Iowa 772, 48 N.W. (2d) 266 (1951). Furthermore, *Newberry County Water and Sewer Authority v. Welco Const. & Utilities Co., Inc.,* 257 S. C. 1, 266 S. E. (2d) 875 (1980), is not applicable to the issue at bar. *Newberry* did not deal with a request for an amendment of the summons. The court in *Newberry* simply held that the original summons was insufficient to confer jurisdiction as it required an appearance in less than the statutory time. This, however, is not the issue presently before the court. The issue presently before the court is a motion to amend the summons to cure the typographical error which poses the defect. This court is empowered by South Carolina Code Annotated § 15-9-100 (1976) to afford such relief if it deems such action just. The error here is clearly clerical and this court therefore accepts the opportunity to utilize its discretionary power. The motion for leave to and amend the summons is hereby granted.

An amended summons relates back to the commencement of the action unless the amendment changes the cause of action or brings in new parties. *Lee v. Hoff,* 221 N. C. 233, 19 S. E. (2d) 858 (1942). Therefore, the amendments to the summons have the same effect as if they were included in the original summons. *Calmes v. Lambert,* 153

N. C. 248, 69 S. E. 138 (1910); *Krueger v. Lynch,* 48 N.W. (2d) 266 (1951); 72 C. J. S. § 116(f) at page 1185; 42 Am. Jur. § 20, p 21. Since the amended portion of the summons relates back, the summons, as amended, is deemed dated October 6, 1982. The action therefore is timely brought and properly under the jurisdiction of this court. The Defendant shall have thirty (30) days from the date of this order in which to answer.

It is so ordered.

Affirmed.