### NEIDHOLD v. HENRY.

1. EQUITY—PLEADING—CONTRIBUTION—SHOWING—SUFFICIENCY.

Allegations that the parties were sureties upon certain notes, copies of which were annexed to the bill, that they were jointly and severally liable thereon, that plaintiffs had been compelled to pay them, and that defendant had refused to contribute his share thereof, *held*, sufficient to entitle plaintiffs to relief, and although there may have been a discrepancy in the date of some of the notes, such defect was amendable.

2. PROCESS—ERROR IN DATE—IRREGULARITIES.

Errors in the dates of issuance and return day of a subpœna were mere irregularities which in no way misled the defendant, since he was notified that he must enter his appearance within 15 days after service; the only purpose of stating a return day therein being to advise the officer within what time such service must be had.

3. JUDGMENT—EQUITY—RELIEF FOR FRAUD.

A court of equity has power to grant relief from a decree obtained by fraud.

4. SAME—FRAUD—BURDEN OF PROOF.

The neglect of a defendant who has been duly served to appear and defend the suit imposes on him the duty of

establishing fraud in a suit by him to set aside the decree.

5. SAME—PERJURED TESTIMONY INSUFFICIENT TO SET ASIDE DECREE. The charge that a decree was obtained on perjured testimony is not sufficient to set it aside for fraud.

Appeal from Iron; Flannigan (Richard C.), J. Submitted April 14, 1920. (Docket No. 67.) Decided June 7, 1920. Rehearing denied October 13, 1920.

Bill by Edward Neidhold against Louis A. Henry and others to enjoin an execution levy and sale. From the decree entered, plaintiff appeals. Affirmed.

*Julius J. Patek,* for plaintiff.

*Clarence D. Dwyer* (*Fred H. Abbott,* of counsel), for defendants.

SHARPE, J. On December 19, 1913, the defendants herein filed a bill of complaint in the circuit court for the county of Iron, in chancery, alleging that they had been required to pay three certain promissory notes on which the plaintiff was jointly liable with them as a co-surety, and praying that plaintiff should be decreed to pay to them the sum of $718.75, being his proportionate share of such amount. The calendar entries show the filing of the bill on the date above stated and that a subpœna was issued on the same day. The subpœna, however, bears date December 18th. It was in the usual form and required the defendant to appear within 15 days after service. The return day was erroneously stated to be the 19th day of January, 1913, instead of 1914. It was personally served on the plaintiff herein (defendant therein) on December 24, 1913. He neglected to appear, and on February 3, 1914, the bill was taken as confessed, and after proofs were submitted a decree rendered against

him for $863.81 and costs, taxed at $22. Before enrollment, an execution was issued and levied on certain lands of defendant therein. While being advertised, the defendant filed the bill of complaint herein, in which he alleged that he signed the notes involved in the suit above referred to on the understanding that two other stockholders should also sign them; that certain lands were to be purchased with the proceeds thereof and the title taken in the name of the defendant Henry as trustee to secure the sureties against loss; that the property purchased was surrendered and conveyed by Henry to the trustee in bankruptcy of the maker of such notes, and that such act was a fraud on the rights of the plaintiff. It also set up the errors in the dates of the issuance and return day of the subpœna, and alleged a want of jurisdiction to render the decree on account thereof. It also alleged that the execution issued before the enrollment of the decree and on which the levy was made was void. The prayer was for an injunction to prevent a sale of the land levied on, for vacating the decree and for general relief.

Defendants, answering, admitted the allegations relative to the subpœna, and, after demurring to the other charges in the bill, subsequently, without waiving their rights, answered generally, denying all the material allegations thereof.

At the conclusion of the proofs, plaintiff's counsel, during the argument, asked leave to amend the bill to charge that he was not a surety but an accommodation indorser and that the notes were altered without his knowledge or consent and he released from liability thereby. The application to amend was refused by the circuit judge, who filed an exhaustive opinion, holding that no fraud had been proven, that the court had jurisdiction to render the decree in the *pro confesso* case, and that plaintiff was bound there-

by. He, however, held that the execution had been prematurely issued and restrained the defendants from further proceedings under it, but without prejudice to their right to issue a new execution when the decree should be enrolled. From the decree entered, which allowed costs to plaintiff, he now appeals.

It is insisted that the original bill did not contain a sufficient showing to entitle plaintiffs to relief. Without quoting from it at length, we agree with the trial judge that the allegations were sufficient to authorize and support the decree made. It alleged that the parties were sureties upon the notes, copies of which were annexed to the bill, that they were jointly and severally liable thereon, that defendants had been compelled to pay them and that plaintiff had refused to contribute his share thereof. While there might have been a discrepancy in the date of some of the notes, such a defect was amendable.

The errors in the dates of issuance and return day of the subpœna were mere irregularities. The plaintiff was in no way misled thereby. He was notified by the subpœna that he must enter his appearance within 15 days after its service on him. The only purpose of stating a return day therein is to advise the officer within what time such service must be had.

The plaintiff in no way accounts for his neglect to enter an appearance and defend the suit. He does not claim that he was prevented from doing so by any fraud or deception practiced on him. The order *pro confesso* was entered in due course and the decree, based thereon after proofs had been submitted, regularly obtained. The power of a court of equity to grant relief from a decree obtained by fraud is conceded. But the neglect of a defendant who has been duly served to appear and defend the suit imposes on him the duty of establishing such fraud. The charge that the decree was obtained on perjured tes-

timony is not sufficient. In the somewhat recent case of *Becker* v. *Welch*, 206 Mich. 613, this court so held. The Michigan cases are therein collected and the question fully discussed.

After a careful reading of the record, we agree with the trial judge that the proofs submitted were not sufficient to justify vacating the decree.

The decree is therefore affirmed, with costs to defendants.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.