# NORTH *v.* TOWN REAL ESTATE CORPORATION
[No. 193, October Term, 1947.]

214

*Decided July 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*A. Frederick Taylor*, with whom were *Allers & Cochran*
and *Charles E. Edmondson* on the brief, for the appellant.

*Robert E. Coughlan, Jr.*, with whom was *George E.
Brown, Jr.*, on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

The question raised on this appeal is whether the Su-
perior Court of Baltimore City erred in striking out a
judgment which had been entered by default in favor
of Lawrence North, plaintiff, against Town Real Estate
Corporation, defendant.

Plaintiff alleged in his declaration filed September 30,
1946, that he had been granted a concession by Bay Shore
Amusement Park, Inc., to operate a public launch at the
end of the pier at Bay Shore Park on the Chesapeake
Bay; that he had made payment in accordance with the
contract and also had spent about $500 in building a land-
ing platform and runway at the end of the pier; but that
Bay Shore Amusement Park, Inc., was sold to defendant;
and defendant revoked the contract. Plaintiff claimed
$10,000 damages for breach of contract. The writ of
summons was made returnable to the second Monday in
October, the October return day, but defendant was re-
turned *non est*. On October 14 the writ was stamped:
"Renewed to November Return Day." The clerk of the
court, however, neglected to imprint this stamp on the
copy of the summons and the copy of the declaration.
On October 17 the copy of the writ and the copy of the
declaration, indicating that the writ was returnable to

the October return day, were served on Oswald L. Bonifay, president and resident agent of defendant.

On December 12, 1946, judgment by default was entered against the corporation, no plea having been filed by the December return day. On February 19, 1947, the judgment for plaintiff was extended for the sum of $4,340. A petition for supplementary proceedings was filed on May 29, and on June 9 the attorney for defendant, appearing specially, moved to quash the writ of summons and vacate the judgment. From the Court's order quashing the writ and vacating the judgment plaintiff appealed here.

The Maryland Corporation Law expressly provides that the officer serving process in any action against a corporation of this State or a foreign corporation shall leave a copy thereof with the person upon whom it is served. Code, 1939, Art. 23, sec. 111 (g). In addition, the local law of Baltimore City provides that a copy of the declaration must be delivered to the defendant before the return day of the writ, and the defendant must be summoned before the return day. Baltimore City Charter, 1938 Ed., sec. 400. If the original writ is not served on the defendant and is returned not executed, it may be renewed returnable to the next return day thereafter. Baltimore City Charter, 1938 Ed., sec. 397. When a declaration in any action is filed in one of the courts of Baltimore City, and a copy is delivered to the defendant before the return day of the writ, and the defendant is summoned before the return day, he shall plead before the next succeeding return day, or judgment by default for want of a plea will be entered by the court or the clerk thereof upon motion of the plaintiff, unless the Court for good reasons grants the defendant further time in which to plead. Baltimore City Charter, 1938 Ed., sec. 400.

It is well established that the common law courts in Maryland have inherent power as courts of record to strike out judgments improperly rendered. Where the motion to strike out the judgment is made during the same term at which the judgment is rendered (or within

thirty days thereafter under the practice in Baltimore City), the application is within the sound discretion of the court; and when the motion is granted and the judgment stricken out, no appeal will lie at the instance of the plaintiff. After the term at which a judgment is recovered (or after the lapse of thirty days in cases under the local law of Baltimore City), the judgment is said to be enrolled, and thereafter it cannot be stricken out except upon clear and convincing proof that it was obtained by fraud, surprise, mistake or irregularity, and unless it appears that the party making the application had acted in good faith and with ordinary diligence. *Harvey v. Slacum,* 181 Md. 206, 29 A. 2d 276; *2 Poe, Pleading and Practice,* 5th Ed., secs. 388-392.

It is a fundamental rule that a judgment obtained in a suit of which the defendant received no notice is a nullity, and should be stricken out upon proof that no summons had been served upon him and he had no opportunity to be heard. *Simon v. Southern Ry. Co.,* 236 U. S. 115, 35 St. Ct. 255, 257, 59 L. Ed. 492. In this case the deputy sheriff summoned defendant corporation on October 17 to appear on October 14. Bonifay, the president and resident agent, testified that, after the papers were served upon him, he handed them to his secretary with the request that she forward them to the corporation's attorney; but later his secretary, noticing that the date for appearance had passed, called his attention to the mistake. He also testified that he had no knowledge whatever that the judgment had been entered against the corporation until he received notice of the supplementary proceedings. The secretary testified that, after calling Bonifay's attention to the mistake, he directed her to keep the papers with the remark: "We will probably hear from the Court at some time in the future." Because it was absolutely impossible to comply with the summons, Bonifay supposed that it was not incumbent upon him to take any action, and that the corporation would be served with another writ before it would be necessary to appear.

It was argued by appellant that, while it is true that a corporation, under the Maryland statute, is entitled to have a copy of process left with its agent upon whom service is made, yet if the summons is read or explained to the agent, the corporation is put on notice. But we cannot assume from the return of the summons that the deputy sheriff either read it or explained it to Bonifay. There is no evidence that the summons was read or explained to him. The sheriff's return is *prima facie* evidence of its own correctness. But there is no statute in this State requiring the reading of a summons to the defendant, though it is a proper service. *Adkins v. Selbyville Mfg. Co.*, 134 Md. 497, 107 A. 181. Due process requires that personal notice of any proceeding *in personam* shall be given as a prerequisite to making a defendant a party to a suit. Personal service may be either (1) reading of the summons, or (2) explanation of its nature, or (3) leaving a copy. *Boggs v. Inter-American Mining & Smelting Co.*, 105 Md. 371, 385, 66 A. 259. Thus, even though a summons is not read or explained to a defendant, the leaving of a copy of the summons is sufficient service.

Even if the summons had been read or explained to Bonifay, it did not comply with the statute. It is generally held that where a summons substantially complies with the statute, a palpable mistake in the return day, or any other clerical error which does not mislead the defendant to his prejudice is merely an irregularity which may be amended. *Condon v. Barr*, 47 N. J. L. 113, 54 Am. Rep. 121; *Flanery v. Kusha*, 143 Minn. 308, 173 N. W. 652, 6 A. L. R. 838; *Spokane Merchants Ass'n v. Acord*, 99 Wash. 674, 170 P. 329, 6 A. L. R. 835. For instance, in Michigan, where a summons served December 24, 1913, notified the defendant to appear within fifteen days after service, it was held that the fact that the return day was stated as January 19, 1913, whereas it should have been January 19, 1914, did not invalidate the summons, inasmuch as the only object of mentioning the return day was to inform the officer when he was

required to serve the summons. *Neidhold v. Henry,* 210 Mich. 598, 178 N. W. 30.

On the other hand, it has been held that a summons commanding the defendant to appear at a past date is void, and is therefore sufficient ground for dismissing the suit. *Hall v. Ocean Accident & Guarantee Corporation,* 122 W. Va. 188, 9 S. E. 2d 45. Of course, where a summons is defective, the defendant waives objection to it by entering general appearance. *Inhabitants of Dover-Foxcroft v. Inhabitants of Lincoln,* 135 Me. 184, 192 A. 700. In the case at bar no question of amendment was raised. Even assuming that the error in the copy could have been cured by amendment, it could not have been accomplished without notice to defendant and an opportunity to make a defense. There can be no question that a summons requiring the defendant to appear at a past date will not support a judgment by default. *Cummings v. Landes,* 140 Iowa 80, 117 N. W. 22; *Smith v. Buckholts State Bank,* Tex. Civ. App., 193 S. W. 730; *Loving v. First National Bank of West Point,* 172 Miss. 15, 158 So. 908, 97 A. L. R. 745.

When the Legislature has prescribed two requirements for validity of a summons, the Court cannot usurp the legislative prerogative by declaring in any particular case that one of the requirements will be sufficient. Both personal service and the leaving of a copy of the summons are jurisdictional requirements. Without the leaving of a copy of the summons, the service is incomplete and ineffectual. *Wagner v. Shank,* 59 Md. 313, 323. One of the objects of the statutory requirement that a copy of a summons against a corporation shall be left with the person upon whom it is served is to enable him to send it to the proper official of the company to warn it of the litigation. *Sharpless Separator Co. v. Brilhart,* 129 Md. 82, 92, 98 A. 484. If the sheriff leaves an incorrect copy or no copy at all, the corporation is not protected in the manner prescribed by the Legislature. The Court of Appeals has recognized in the rules adopted November 12, 1947, the importance of leaving a copy of summons

at the time of service. Prior to that time there had been no general law in this State requiring the sheriff to leave a copy of the writ of summons in a suit against an individual, except in certain specified cases, the statute merely providing that in civil suits "a writ of summons shall be issued for the defendant, in which shall be stated the purpose for which he is summoned." Code 1939, Art. 75, sec. 153; *O'Neill & Co. v. Schulze,* 177 Md. 64, 71, 7 A. 2d 263. One of our rules now provides that in serving each defendant, the sheriff shall leave with him a copy of the summons and of the original pleading. General Rules of Practice and Procedure, part 3, subd. 4, rule 5; Code Supp. 1947, p. 2054. Thus the requirement of the service of a copy of the summons, which formerly applied only to corporations, has been extended to apply to all defendants.

In the instant case it is clear that a mistake was made through carelessness in the office of the clerk of the Superior Court. However, the test to be applied in a case like this is whether there has been an error which denied the defendant a substantial right. In the absence of a general appearance by the defendant, such an error as that shown here makes the summons void, and therefore the judgment is a nullity. We add that nothing we have said in this opinion should be considered as an intimation that we approve of the practice of the clerk of reissuing a returned writ with the imprint of a renewal stamp, instead of issuing an entirely new writ. This short cut may be the means of saving some trouble for the clerk, but, as illustrated by this case, the far more important potentiality is the trouble that may be caused to litigants. The likelihood of making a mistake would be lessened if the clerk would issue a new writ and make a copy of it at the same time.

For the reasons stated we hold that the Court below was correct in quashing the writ and vacating the judgment.

*Order affirmed and case remanded, with costs.*