## SHEEHY *v.* SHEEHY

[Nos. 254 and 342, September Term, 1967.]

182

*Decided May 29, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY,* MARBURY, BARNES, McWILLIAMS, FINAN and SINGLEY, JJ.

*Vivian V. Simpson* with whom were *Simpson & Simpson, Joseph B. Simpson, Jr., H. Algire McFaul, William T. Wood* (No. 342 only) and *Arthur C. Elgin* on the brief, for appellant.

---

* Reporter's Note: HORNEY, J., sat at the oral argument of these cases but took no part in the decisions.

*James C. Christopher,* with whom was *Robert L. Hillyard* (No. 342 only) on brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The two appeals considered here both arise from a single equity case heard before the Circuit Court for Montgomery County, sitting as a court of equity.

On December 22, 1966, the appellee, May J. Sheehy, filed a bill of complaint in which she alleged that she and the appellant, Vincent A. Sheehy, Jr., had entered into an agreement on December 18, 1965, reciting, *inter alia,* that they were not living together as man and wife and that Mr. Sheehy was to pay his wife the sum of $7,000 per year in monthly payments of $583.30. The bill further alleged that the payments coming due after June 18, 1966, had not been paid, and prayed that the defendant be required to specifically perform the agreement; that the plaintiff be awarded a money judgment for the payments in default; and that the plaintiff be accorded such other and further relief as may be required.

On December 22, 1966, a show cause order returnable on or before January 20, 1967, was issued and directed to the appellant. On January 4, 1967, a return was made as follows:

"Served the within subpoena personally by reading to and leaving copy of same together with a copy of the bill of complaint and order with Vincent A. Sheehy, Jr., this 29th day of December, 1966.

Ralph W. Offutt, Sheriff"

On January 17, 1967, Mr. Sheehy filed a preliminary motion under Maryland Rule 323 entitled "Motion to Quash Service" by which he appeared through his solicitors for the limited purpose of the motion on the ground that he had not been served personally nor had he been served by having a subpoena read to him and a copy left with him. This motion was supported by an affidavit specifically denying the sheriff's return.

A hearing on the motion was held on January 20, 1967, before Judge Shook, at which testimony was taken from deputy sheriff Day, the deputy who had supposedly served the suit

papers. He testified that he had served the papers by reading same to the person within the apartment and posting the papers on the door. He further testified that after attending to some other business he later returned and found that the papers had been removed from the door, although he did not know by whom. After the testimony had been taken Judge Shook denied the motion on the ground that Code (1957), Article 75, Section 92 had been complied with and allowed the defendant fifteen days to plead to the bill of complaint.

The appellant answered and a hearing was held before Judge Shure on June 26, 1967. At this hearing the appellee testified in her own behalf and the appellant, who renewed his motion to quash, did not offer any evidence because of the question of jurisdiction that had been raised by him. The matter was taken under advisement by the court and on July 17, 1967, a decree was filed by Judge Shure ordering the defendant to specifically perform the terms of the agreement and further, entering a money judgment in the amount of $7,000 for unpaid installments under the agreement.

The appellant then appealed to this Court from the decree of July 17, 1967, which is the basis of appeal No. 254, and the appellee countered on September 6, 1967, by filing a petition for counsel fees in defense of that appeal. The appellant answered denying that the court had jurisdiction to award counsel fees to the plaintiff in any action other than an action for divorce. At the hearing before Judge Levine on October 20, 1967, no testimony was taken and on October 25, 1967, an order was issued ordering the appellant to pay the appellee $500 attorney's fees for her defense of the appeal. The appellant also appealed from this order, which gives rise to appeal No. 342.

On the appeal from the decree ordering the specific performance of the agreement and entering the money judgment there is only one question raised, namely, whether the defendant had been personally served with process in accordance with the provisions of Article 75, Section 92. If the defendant was not properly served the court below had no jurisdiction and the decree issued was invalid and without significance. *Little v. Miller*, 220 Md. 309, 153 A. 2d 271; *Thomas v.*

*Hardisty,* 217 Md. 523, 143 A. 2d 618; *Wilmer v. Epstein,* 116 Md. 140, 81 Atl. 379. To have been valid the service must have been personal and the fact that the defendant may have had actual knowledge of the suit against him would not cure a defective service. *Little v. Miller, supra; Harvey v. Slacum,* 181 Md. 206, 29 A. 2d 276; *Wilmer v. Epstein, supra;* 2 Poe, *Pleading and Practice,* Section 62 (Tiffany Ed.). It is true, as the appellee points out, that a proper return is prima facie evidence of valid service of process and a simple denial of service by the defendant is not sufficient to rebut the presumption arising from such a return. *Weinreich, Adm'x v. Walker,* 236 Md. 290, 203 A. 2d 854; *Little v. Miller, supra.* In the instant case, however, there was much more than a simple denial of service by the defendant. At the hearing before Judge Shook, the deputy sheriff who claimed to have made the service, testified that he made it at "10200 Grosvenor Park, Apartment 301", while the bill of complaint and the subpoena gave the appellant's address as "10201 Grosvenor Place, Apt. 321." Moreover, the deputy never saw the occupant of the apartment at which he claimed to have served the suit papers and admitted that he did not know if the occupant was Vincent A. Sheehy, Jr. or some other Sheehy. Indeed, his only knowledge of the inhabitant of the apartment was that a voice answered "yes" when he asked "Mr. Sheehy?" This is quite different from a case where the person behind the door volunteers that he is "Mr. Sheehy." In the latter example the person answering would be unlikely to be able to volunteer the correct name if he was not actually that person, while in the instant case anyone could say yes if asked if he was Mr. Sheehy. From the discrepancies indicated by the testimony and the pleadings below we conclude from the record before us that there was no valid personal service of process as required by Rule 104.

The appellee also contended that service was properly made under the provisions of Article 75, Section 92, as determined by Judge Shook, which provides as follows:

"In all cases of civil process at law or in equity, or of any civil writ whatsoever, issued out of any court, or by any judge of this State, and directed to or

against, or lawfully to be served upon any person whatsoever, wherein the service of such writ or process upon such person then being within the local jurisdiction of such court or judge, shall be prevented or resisted by threats, violence, intimidation or superior force on the part or behalf of such person; or when the said person so liable to be served with such writ or process shall be within any fortress, or fortified place or building, or at any military post within said jurisdiction, and entrance thereto, or access therein to such person shall be by order or on the behalf of such person refused, obstructed or prevented, so that the officer charged with the service of such writ or process shall be unable to serve the same, or cannot do so without force, or personal risk, the said officer shall leave a copy of such writ or process, if practicable or permitted, with such person or persons as shall present themselves, where such writ or process is sought to be served, and where or whereabout the person on whom the same is sought to be served shall be; or shall set up such copy upon the fortress, building or premises aforesaid, or as near thereto as may be practicable; and shall make return of the facts accordingly; which return shall to all legal intents, purposes and effect be equivalent to a return of actual personal service of such writ or process upon the party named therein."

An examination of the deputy's testimony does not reveal any circumstances from which we can draw the conclusion that service was "prevented or resisted by threats, violence, intimidation or superior force" or that the person behind the apartment door was "within any fortress, or fortified place or building * * *." Actually the testimony indicates that the deputy never even requested that the door be opened and there was nothing to show that he was in any way repelled by force or was threatened.

Accordingly, we hold that there was no valid service of process on the defendant and that the decree for specific perfor-

mance of the agreement and the money judgment as a result thereof was of no force and effect since the court was without jurisdiction of the parties.

Neither was there any jurisdiction as to the order requiring the appellant to pay $500 counsel fees. The appellant maintained his denial of jurisdiction throughout and did not put in a general appearance. As the order stands on no firmer grounds than did the decree issued by Judge Shure, we hold that it was invalid and without legal effect and therefore must be reversed. Under these circumstances we need not consider the question raised by the appellant, whether the lower court erred in ordering the defendant husband to pay counsel fees of the wife from whom he was separated under an agreement, when no suit had been filed for a divorce.

*Decree in No. 254 reversed.*
*Order in No. 342 reversed.*
*Costs to be paid by appellee.*