## SAMUEL SURASKY *v.* ROSE SURASKY

[No. 263, September Term, 1970.]

*Decided February 3, 1971.*

The cause was argued before MORTON, ORTH, and THOMPSON, JJ.

*Allen B. Spector* and *Michael Schwartz* for appellant.

*Lee N. Sachs* for appellee.

THOMPSON, J., delivered the opinion of the Court.

Samuel Surasky, the defendant-appellant, appeals from the denial of his petition to revoke a Decree Pro Confesso

entered against him ordering him to pay permanent alimony and counsel fees in an action brought by his wife, Rose Surasky, the plaintiff-appellee. The petition was heard and denied by Judge Robert B. Watts in the Circuit Court No. 2 of Baltimore City. Appellant contends since the sheriff's return on the service of process was inaccurate, the service of process against him was defective.

Rose Surasky initiated proceedings against her husband for permanent alimony. The summons in these proceedings was shown by the sheriff's return to have been served on the defendant in person on January 29, 1969 at 4:30 P.M. at 4919 Palmer Avenue. Due to the defendant-appellant's failure to appear, a Decree Pro Confesso was entered against him on June 23, 1969, ordering him to pay alimony and his wife's counsel fees. After other proceedings not immediately relevant here, appellant filed a petition to revoke this judgment and the order of the court holding him in contempt for failure to comply.

At the hearing on appellant's petition, appellant testified his address was 4919 Pembridge Avenue; that he had never received any papers from the deputy sheriff, and that he had worked part-time at Kavanaugh's, a store in Baltimore. The Baltimore City Deputy Sheriff, Herbert Shapiro, testified he served the defendant at Kavanaugh's in Baltimore City, but could not remember the exact day, and was unsure whether the time was 3:30 or 4:30 P.M. However, the deputy was absolutely certain he had personally served the defendant. The inaccurate address on the sheriff's return was explained as an inadvertent mistake and the incorrect street name was probably copied from other papers he was handling at the time.

The appellant contends the hearing court was clearly erroneous when it found he had been properly served with process.

The rules concerning when a court is justified in setting aside an enrolled judgment on the basis of improper service of process are set out in *Weinreich v. Walker,* 236 Md. 290, 296, 203 A. 2d 854 holding an official return

of process, proper on its face, is *prima facie* true and accurate until the presumption is overcome by proof, and a denial by the person summoned is not sufficient to overcome the presumption.

The appellant does not dispute this rule but alleges the presumption was overcome in the instant case by the appellant's denial of service and the unsatisfactory nature of the sheriff's testimony as in the three cases next discussed.

In *Sheehy v. Sheehy,* 250 Md. 181, 242 A. 2d 153, there was a denial of service by the defendant and the sheriff was unable to identify the person served because he served the papers through a closed door and never saw the person served.

In *Harvey v. Slacum,* 181 Md. 206, 29 A. 2d 276, the defendant denied service and the sheriff was unable to say whether he had served the defendant or his son.

In *Plummer v. Rosenthal,* 178 Md. 149, 12 A. 2d 530, the defendant denied service and the sheriff identified another as the person served.

We fail to see the applicability of those cases to the instant case where the sheriff, in oral testimony, positively identified the appellant as the person served and stated it was accomplished at a place where the appellant, admittedly, worked part time. Appellant contends, and we agree, that the differences in the addresses of the place of service, in the return and in the sheriff's testimony affects his credibility; but credibility of witnesses is a matter for the hearing court and not for this Court. Although the hearing judge stated he was impressed with the appellant's testimony, he quite properly looked at the delay between the time appellant had actual notice of the default decree and the time he took action to set it aside as affecting his credibility as a witness. Contrary to the appellant's argument, the judge did not hold that notice of the suit cured a defective service, as in *Little v. Miller,* 220 Md. 309, 316, 153 A. 2d 271. The hearing judge merely considered the failure to take prompt action to

strike out a Decree Pro Confesso as bearing on the witness's credibility when he claimed not to have been served in the proceedings. He found the service proper as a matter of fact. We cannot say he was clearly erroneous in so finding. Md. Rule 1086. *Little v. Miller, supra.*

Citing 72 C.J.S. *Process,* § 101, p. 1142, appellant also contends the sheriff's return can't be impeached by his own oral testimony. If we accepted the argument, appellant's cause would not be helped because then the facts would simply show a valid return denied by the defendant. This would be insufficient to overcome the presumption of validity set out in *Weinreich v. Walker, supra.*

*Judgment affirmed.*
*Appellant to pay the costs.*