J. WHITSON ROGERS, INC. ET AL. *v.*
WILLIAM HANLEY ET UX.

[No. 764, September Term, 1973.]

*Decided May 24, 1974.*

The cause was argued before ORTH, C. J., and MORTON and GILBERT, JJ.

*R. Ronald Sinclair* for appellant.

*Kenneth Braunstein* for appellees.

ORTH, C. J., delivered the opinion of the Court.

This appeal presents two interrelated issues. One involves the service of process on a corporation. The other concerns the revisory power and control of a trial court over an enrolled judgment.

I

The first issue arose by attempts to summons J. Whitson Rogers, Inc. (the Corporation) as a defendant in an action filed by William Hanley and Marinda Hanley (the Hanleys) in the Circuit Court for Prince George's County, seeking damages for breach of contract and fraud.[1] The declaration

---

1. The suit was against the Corporation and Marilyn Rogers. It appears from the record that Marilyn Rogers was never served. There was a line filed with the declaration that she was to be served "pursuant to Maryland Rule 104 b 2 'Registered Mail.' " Subsequently, the Hanleys' attorney filed an affidavit that service of process on her had not been effected. The notice of appeal, in proper person, requested the entry of an appeal on behalf of J. Whitson Rogers, Inc. and Marilyn Rogers. It was signed as to the Corporation by its President and as to Marilyn Rogers by her. We attach no

specified that the Corporation was to be served through its resident agent, John Whitson Rogers (Rogers). The record shows that the summons with respect to the Corporation, as originally issued on 28 September 1972 and as reissued from time to time, was returned non est three times.[2] On 23 February 1973, upon motion of the Hanleys, an order was entered appointing a private person, one Charles V. Utley, to execute process. The summons as to the Corporation was reissued on 7 March 1973 and on 14 March 1973 was returned with the affidavit of Utley: "I personally served secretary of J. Whitson Rogers (at his request at 5400A Kenilworth Ave. Riverdale, Md. on this 13th day of March 10:45 A.M. 1973." On 16 May 1973 the Hanleys moved for a default judgment against the Corporation "for failure to comply with the requirements as to time allowed for pleading in that the defendant has failed to respond by filing a plea or appearance to the Declaration served upon it on March 15, 1973, before the expiration of the return date of April 17, 1973." They also moved "for a hearing without jury *ex parte* to offer evidence of damages." By order issued 18 May 1973 and filed 21 May judgment by default was entered as

significance to her inclusion in the appeal because, not being served, she was not legally a party to the case below.

The 1st count of the declaration filed in the action alleged that the Hanleys and the Corporation entered into a written contract for the purchase and sale of a house which was constructed for and conveyed to the Hanleys by the Corporation but that the Corporation was in gross breach of implied warranties. The 2nd count alleged that Marilyn Rogers, as secretary of the Corporation, executed a written agreement to correct several of the defects in the house but that the contract was breached. The Hanleys claimed from the Corporation and Marilyn Rogers, "and each of them, $15,000 plus costs of this suit, attorneys' fees and interest." The 3rd count alleged fraud on the part of the Corporation and Marilyn Rogers and demanded punitive damages from them "and each of them, $30,000 plus costs and interest." According to the docket entries, the 3rd count was subsequently dismissed.

See Courts and Judicial Proceedings Article (Courts Art. § 12-308 (a) (11) (v) and (viii).)

2. The first return was noted non est under date of 18 October 1972, the address of the resident agent being given as 5628 Emerson Street, Bladensburg, Maryland. The second return was noted "non est — J. Whitson Rogers, Incorporated, John Whitson Rogers, Registered Agent" under date of 1 December 1972, the address of the resident agent being given as 5400-A Spring Lane, Riverdale, Maryland. The third return was noted "non est — J. Whitson Rogers, Avoiding Service." It bore dates of January 10, 11, 12, 13, 15 and 22, 1973, and the address of the resident agent as 5400A Kenilworth Avenue, Riverdale, Maryland.

prayed. On 16 July there was a hearing "in open court on *ex parte* proof of damages." On that date a judgment was entered in favor of the Hanleys and against the Corporation in the amount of $15,700 "with interest from date and costs." Rule 310 b; *Himes v. Day,* 254 Md. 197. On 5 September the Corporation moved to set aside the judgment. The Hanleys filed opposition thereto on 14 September. Upon hearing in open court on 17 October the motion was denied. An appeal was noted the next day. See note 1, *supra.* Cf. Rule 605; *Frericks v. Baines,* 16 Md. App. 343.

## II

The motion to set aside the judgment was bottomed upon an allegation that the Corporation had not been validly served. The hearing judge denied the motion, concluding that the service had been valid. In an opinion supporting the conclusion, he referred to Rule 106 b 3 permitting, under specified conditions, service of process to be made upon any person expressly or impliedly authorized to accept it. He then gave a précis of the evidence adduced and applied the law as he construed it:

> "Now, we have testimony — we do know that Mr. Utley and Mr. Hanley went to the principal office of the corporation and were met by Miss Gorman.
>
> We also know that the pleadings filed in this case were left in the office. We also know that the pleadings in the case were seen by Miss Gorman, because she mailed them according to her to Mr. Meisnere [attorney for the Hanleys when the suit was filed], and according to Mr. Hanley, who at least presented the papers along with an envelope addressed to him which he says he received on the 13th or 14 of March, so we know she saw the pleadings.[3]

---

**3.** The pleadings referred to were Plaintiffs' Exhibit 4, the process. The documents comprising it were a copy of the declaration, a copy of the motion for appointment of a private person to serve process, a copy of an order dated 23 February 1973 authorizing Utley to execute service, and a copy of the summons.

We also know that she was authorized to sign for registered or certified mail directed to J. Whitson Rogers, Incorporated. We know that she was Mr. Rogers' personal secretary rather than a corporate secretary.

In viewing all of the circumstances attendant upon the service of process in this case I am satisfied that there was compliance with the rule in that there was implied authority to accept service.

Now, under our rules in areas on corporations where there is a resident agent whose address is known, delivery of registered mail with return receipt can be used to effectuate valid service, so certainly if she is authorized to accept or would be authorized to accept the mail through which service could be accomplished, not in this particular instance, but as provided under Rule 104,[4] then it would seem reasonable that she would have the implied authority to accept service under the manner of authorized service. And, in light of her position as personal secretary and in light of her having seen these papers and having returned them to Mr. Hanley and being aware of the name of the lawyer who was named in the pleading as — rather in the summons as attorney, the Court would be hardpressed to conclude that there was not service on J. Whitson Rogers, Incorporated.

. . . But it would certainly seem that there was adequate notice to the corporation as would put

---

4. Rule 104 b 2 provides:

"In lieu of personal delivery, a copy of the summons together with a copy of the original pleading may be served on a defendant within the State by registered mail, delivery restricted to the addressee. Upon return through the post office of the return receipt, an affidavit shall be filed with the clerk showing (i) that the aforesaid copies were mailed to the defendant; and (ii) that they were in fact received by the defendant within the State as evidenced by his signature on the original return receipt which shall be attached to the affidavit. The affidavit shall be the prima facie evidence of service of process."

them on notice of the pendency of this suit — substantial compliance with the provisions of Rule 106.

And, also faced further with the presumption of the validity of the service, and in light of the circumstances attendant upon that service as indicated by the testimony of Mr. Utley and Mr. Hanley, Mr. Hanley said that he saw Mrs. Rogers in the office, that he did not see Mr. Rogers, and there is no showing by anyone that Mr. Rogers was in the office at that time. But certainly we know that Miss Gorman was his secretary, and I adopt the testimony of the witnesses, Hanley and Utley, that she did leave and go into a room, come back and say that she could in effect take care of the matter, and I do that for this reason. Miss Gorman testified that she mailed these papers to Mr. Meisnere, the process served upon her, when in fact they were mailed to Mr. Hanley. So, I must conclude from that which is supported by documentary evidence as well as testimonial evidence, that she just doesn't remember all of the very critical facts attendant upon the service of process in this case and as a matter of credibility I have got to be satisfied that the presumption or the validity of the service has been rebutted and am not so satisfied, so I would overrule the motion to set aside the judgment by default."

As we construe the opinion, the judge found that Miss Gorman had implied authority to accept the service and was, therefore, authorized to receive it under Maryland Rule 106 b 3.

### III

Unless otherwise specifically provided by statute, "[a]ll service of process upon a domestic or foreign corporation in any judicial proceeding shall be governed by the Maryland Rules of Procedure . . . ." Code, Art. 75, § 75B (a) (1).

Process is usually served by a sheriff, Rule 104a, by

delivery of a copy thereof to the party to be served, Rule 104 b 1 (i) or by delivery to an agent authorized by appointment or by law to receive it, Rule 104 b 1 (ii). "The court", however, "for good cause may, in its discretion, appoint a competent private person over 21 years of age, including an attorney of record, but not a party to the action, to execute any process other than writs of execution, replevin or attachment of property or person. The person appointed shall have the same power and duty to execute such process as a sheriff." Rule 116 a 1.

In lieu of personal delivery, service may be by registered mail, delivery restricted to the addressee. Rule 104 b 2. And service other than by personal delivery or registered mail, upon a domiciliary or resident or one who maintains his principal place of business in this State, may be made under these circumstances: "When proof is made by affidavit that a defendant has acted to evade service, the court may order that service be made by mailing a copy of the summons together with a copy of the original pleading to the defendant at his last known residence and delivering a copy of each to a person of suitable age and discretion at the place of business, dwelling house or usual place of abode of the defendant within the State." Rule 104 h 1. Subsection 2 of § h provides that delivery of process provided for in subsection 1 ". . . may be made by any competent private person over 21 years of age, including an attorney of record, but not a party to the action."

Rule 106 deals with the service of process on corporations. "Process may be served upon a resident agent or upon the president, secretary or treasurer thereof." Rule 106 b 1. If an unsuccessful attempt has been made to serve process upon the resident agent, ". . . process may be served upon the manager, any director, vice-president, assistant secretary or assistant treasurer thereof." Rule 106 b 2. If none of these or the president, secretary or treasurer can be found in the State, ". . . process may be served upon any other person expressly or impliedly authorized to accept such service." Rule 106 b 3. "The officer serving process shall leave a copy thereof with the person upon whom it is served, and if such

process is not served upon a resident agent, the president, secretary or treasurer, a copy thereof shall also be left at the principal office of the corporation in this State, if any." Rule 106 d. When unsuccessful attempts [5] have been made on different business days to serve process twice upon one resident agent, process may be served upon the State Department of Assessments and Taxation as the attorney of such corporation. Code, Art. 75, § 75B (a) (2); Rule 106 e 1.

## IV

It is clear from the record that the Hanleys did not invoke the provisions of Rule 104 h for service other than personal delivery or registered mail, and did not turn to service on the State Department of Assessments and Taxation as permitted by Code, Art. 75, § 75B (a) (2) and Rule 106 e 1. They relied on personal delivery of the process, although by a private person under Rule 116 a 1, rather than the sheriff. Since Utley, the private person, had the same power and duty as the sheriff to execute the process, we look to Rule 106, as did the trial judge, to determine whether the service was valid.

We think the judge misapplied Rule 106 b 3. We find it plain that process may be served upon such other person expressly or impliedly authorized to accept it only when

---

5. Rule 106 c provides:

"An unsuccessful attempt to serve process upon a resident agent shall be deemed to have been made if an attempt to serve such process has been made during usual business hours at the address certified to the State Department of Assessments and Taxation as the post office address of such resident agent, and such place is closed or there is no resident agent of such corporation at such address. The return of the officer making such an unsuccessful attempt to serve process shall set forth the date and hour when such service of process was attempted and other facts meeting the conditions provided in this section."

None of the returns of the three deputy sheriffs who were unsuccessful in serving process on Rogers as the resident agent of the Corporation were in full compliance with this Rule. None set forth the hour when service was attempted or gave other facts meeting the conditions provided in the section. In any event, the point was not raised below and it is not presented on appeal. We do not consider it, deeming, for the purpose of decision, that such attempts met the conditions of "unsuccessful" attempts within the contemplation of the Rule.

none of a corporation's president, secretary, treasurer, resident agents, manager, any director, vice president, assistant secretary or assistant treasurer reside or can be found in the State. In other words, there was no legally sufficient evidence to show that Miss Gorman was duly appointed to receive service on behalf of the corporation, but assuming that she was expressly or impliedly so authorized, she could be validly served only after failure to find in Maryland any of the other specifically designated officers or officials of the corporation who reside in the State. The record does not establish that none of the corporation's president, secretary, treasurer, manager, any director, vice president, assistant secretary or assistant treasurer, if such officers it had, who resided in Maryland, could be found. On the contrary, the record affirmatively shows that there were attempts to serve only the resident agent, Rogers. This was not enough to permit service to be validly made on Miss Gorman under the Rule. We also observe that Rule 106 d, directing that the officer serving process shall leave a copy with the person upon whom it is served, further provides that ". . . if such process is not served upon a resident agent, the president, secretary or treasurer, a copy thereof shall also be left at the principal office of the corporation in this State, if any." The evidence adduced does not clearly show if the office at 5400A Kenilworth Avenue was "the principal office" of the Corporation in Maryland. Rogers, on cross-examination, said it was the "main office", but, assuming that it was the principal office, there was no evidence that a copy of the process, in addition to the one allegedly served on Miss Gorman, was left there as Rule 106 d requires.

The People of the State of Maryland declared by Article 23 of the Declaration of Rights, Constitution of Maryland, "That no man ought to be . . . deprived of his . . . property, but . . . by the Law of the land." The essential elements of "Law of the land", which is equated with "due process of law" are, as they relate to a judicial proceeding, notice and an opportunity to be heard. *Accrocco v. Splawn,* 264 Md. 527, 534, 535, quoting *Matter of Easton,* 214 Md. 176, 188; *Horace*

*Mann League of the United States of America, Inc. v. Board of Pub. Works,* 242 Md. 645. "Due process requires that personal notice of any proceeding *in personam* shall be given as a prerequisite to making a defendant a party to a suit." *North v. Town Real Estate Corp.,* 191 Md. 212, 218.[6] "It is an elementary principle that no valid proceeding can be had against a person until he has been notified of the proceeding by proper summons, unless he voluntarily waives such constitutional right." *Harvey v. Slacum,* 181 Md. 206, 210. The Court of Appeals said the same thing in a slightly different way in *North v. Town Real Estate Corp., supra,* at 217: "It is a fundamental rule that a judgment obtained in a suit of which the defendant received no notice is a nullity, and should be stricken out upon proof that no summons had been served upon him and he had no opportunity to be heard." "To have been valid the service must have been personal and the fact that the defendant may have had actual knowledge of the suit against him would not cure a defective service." *Sheehy v. Sheehy,* 250 Md. 181, 185 and cases cited therein. Of course, due process is satisfied not only by personal service as such, but when there is adherence to the Maryland Rules with respect to service of process. See *Barrie — Peter Pan Schools, Inc. v. Cudmore,* 261 Md. 408. The Court of Appeals said that the obvious purpose of the provisions of Rule 106 is to provide methods which will reasonably insure the ultimate reception by the corporation of actual notice that an action has been filed against it. *Heller and Company v. Kocher,* 262 Md. 471, 478-479. The Rule does not guarantee or insure that actual notice will, in fact, be received by the corporation; its use does insure that the corporation will be afforded due process of law. *Id.,* at 479. The Court continued, at 479: "When, however, a corporation has actual notice, *in fact,* of the pendency of the action, due process of law is obviously afforded and unless the defect in service is *jurisdictional,* the corporation cannot effectively complain that it has not

---

6. *North* points out that personal service may be by (1) reading of the summons, or (2) explanation of its nature, or (3) leaving a copy. 191 Md. at 218.

been afforded due process." [7] *Sheehy* makes clear that improper service may be jurisdictional: "If the defendant was not properly served the court below had no jurisdiction and the decree issued was invalid and without significance." 250 Md. at 184, citing at 184 and 185, *Little v. Miller*, 220 Md. 309; *Thomas v. Hardisty*, 217 Md. 523; *Wilmer v. Epstein*, 116 Md. 140.

The rule is well established that the official return of service of process is *prima facie* evidence of its truth, and the burden of proof is on the defendant assailing the return to show by clear and satisfactory evidence that he was not duly summoned. *Sheehy v. Sheehy, supra,* at 185; *Harvey v. Slacum, supra,* at 210. In the instant case, there is no evidence sufficient in law to show that Rogers as resident agent or president of the Corporation ever saw the process before judgment by default was entered or that the process was served on any other officer of the Corporation designated by the Rules. Unlike the situation in *Heller v. Kocher, supra,* Rogers expressly asserted that he was unaware of the Hanleys' suit, that he had never been "served with process on behalf of the Hanleys for any law suit", and that he had not authorized "anybody to accept service of process" on his behalf in such a law suit. He denied specifically that he had authorized Miss Gorman to accept service, and declared that she had never turned over to him papers which would have made him aware of a law suit by the Hanleys. He first knew about the suit, he said, when he "received notice from the Court that I owed the Court a certain fee, that the case had been held and I was not there." Miss Gorman corroborated the substance of his testimony. The court below did not predicate its holding on actual notice to the Corporation, and we believe that a finding of actual notice would not have been proper on the evidence in any event.

We think that the evidence before the trial court was clear and convincing that the Corporation was not duly

7. In the light of *Heller*, we construe "defective service" as used in *Sheehy, supra*, in stating that it will not be cured by actual knowledge, to mean a defect in the service that is jurisdictional.

summoned. We conclude, in the absence of a general appearance by the Corporation before the entry of the judgment by default, that the defect was jurisdictional, that the Corporation was denied due process of law, and that the judgment was, therefore, null and void.

V

The second issue arose because the judgment was entered on 16 July 1973 and the motion to set it aside was filed 5 September 1973. Rule 625 a provides:

"For a period of thirty days after the entry of a judgment, or thereafter pursuant to motion filed within such period, the court shall have revisory power and control over such judgment. After the expiration of such period the court shall have revisory power and control over such judgment, only in case of fraud, mistake or irregularity."

The Rule dictates that after a judgment becomes enrolled by the expiration of 30 days following its entry, the court has revisory power and control over such judgment only in case of fraud, mistake or irregularity. As a result of "a host of decisions . . . it is now axiomatic that the power of the court to revise and control an enrolled judgment is no longer discretionary." *Ventresca v. Weaver Brothers*, 266 Md. 398, 403-404. The initial question is whether revisory power and control over the judgment could be invoked by the trial court in the circumstances of the case before us.

We think the trial court had revisory power and control over the enrolled judgment against the Corporation. Whether it be deemed that the judgment was entered by mistake, that is, it was a mistake to enter a judgment against one not legally a party to the action because of invalid service, or by irregularity, that is, the entry of the judgment was the doing of that, in the conduct of the suit, which ought not to have been done, see *Berwyn Fuel and Feed Co. v. Kolb*, 249 Md. 475, 479 and *Cohen v. Investors Funding Corp.*, 267 Md. 537, 538, the mandate of the Rule was met.

The trial court having revisory power and control over the enrolled judgment against the Corporation, it was error not to vacate it for the reasons that, in any event, it was, as we have indicated, a nullity.

A further question concerning the vacating of the judgment arises from the emergence from numerous decisions applying Rule 625 a of the requirements that, in addition to proving fraud, mistake or irregularity, one seeking to set aside an enrolled judgment must also establish that he is acting in good faith, with ordinary diligence, and that he has a meritorious defense. *Ventresca v. Weaver Brothers, supra,* at 404; *Shaw v. Adams,* 263 Md. 294, 296; *Bowen v. Rohnacher,* 15 Md. App. 280, 284. It was not claimed below that the Corporation acted in bad faith or without ordinary diligence in moving to set aside the judgment. It was argued that it had not shown a meritorious defense, but the trial court did not rule on it because, upon its finding that the service was valid, there was no fraud, mistake or irregularity to invoke its revisory power and control over the judgment.[8] The short answer is that the Corporation was not obliged to present a defense because it was never validly a party to the action. The lack of a meritorious defense in such circumstances could not make viable a void judgment. Because the judgment was a nullity, the requirement that the Corporation had to show it had a meritorious defense so as to satisfy the court in the exercise of sound discretion that the judgment should be set aside,

---

8. Counsel for the Corporation argued:

"But, in this case I don't see how the plaintiff can claim that the defendant has the burden of establishing a meritorious defense when at this point the defendant isn't even aware of what the suit is about. He hasn't been served. How does he know? How can he establish a meritorious defense to an action he is not aware of? Now, counsel might say let's be practical. He is aware of this. I have attained the Court's pleadings in this case from — through our people in the Court house, but I have not shown them to the defendant because at this point, I don't believe that it is really the defendant's concern to be aware of the law suit against him to assert meritorious defense until he is properly served so he can avail himself of a proper plea.

So, I would think that the requirement that the defendant establish a meritorious defense in advance of his being made aware of what he is being sued upon is a rather specious argument."

was simply not applicable.[9] The judgment being in any event void, the court in fact had no discretion to exercise; setting aside the judgment would be the appropriate procedure to clear the record.

> *Judgment vacated; costs to be paid by appellees.*

---

9. In *Harvey v. Slacum, supra,* the court said, at 209:

"When a motion is made to vacate an enrolled judgment, even if obtained by default, the court considers all the facts with great circumspection, *and if it is found that the defendant was regularly summoned,* the court should not vacate the judgment unless it clearly appears that the defendant has acted with ordinary diligence, and has a meritorious and substantial defense, and has not acquiesced in the judgment or unreasonably delayed the filing of the motion." (emphasis supplied)

Here the Corporation was not regularly summoned.