653 A.2d 1013

**Sadie M. CASTRUCCIO et al.**

**v.**

**DR. BRUCE GOLDBERG, INC.**

**No. 940, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

Feb. 13, 1995.

Joel G. Fradin, Towson, for appellants.

Burton M. Greenstein and Debra A. Sober, Baltimore, for appellee.

Argued before WILNER, C.J., and WENNER and FISCHER, JJ.

WILNER, Chief Judge.

Appellants seek to regain their property, sold at a tax sale in 1987, on the ground that there was a jurisdictional defect in the 1990 proceeding by which their right to redeem the property was foreclosed. We find no such jurisdictional defect, and we shall therefore affirm the order of the Circuit Court for Baltimore City denying appellants' motion to vacate the order foreclosing their right of redemption.

The underlying facts are not in dispute. Appellants once owned the property known as 1313 S. Hanover Street in Baltimore City. On May 11, 1987, the City sold the property at a tax sale because the property taxes on it were in arrears. Dr. Bruce Goldberg, Inc. (Goldberg) purchased the property at the sale. On November 15, 1988, Goldberg filed a complaint to foreclose appellants' right of redemption. Upon the filing of the complaint, the court issued a summons, in accordance with Md.Code Tax–Prop. art., § 14–839(a)(3). That summons was duly served on appellants on November 30, 1988; it informed them of Goldberg's complaint, directed them to file a written answer to it by January 23, 1989, and warned them that failure to do so would result in a final decree foreclosing all rights of redemption.

Section 14–840 of the Tax–Property article provides that, at the same time the summons required by § 14–839 is issued, the court shall pass an order of publication directed to all defendants, giving them essentially the same information and warning included in the summons; the section also requires that the order be published in a newspaper having a general circulation in the City once a week for three successive weeks. All of that was done. Section 14–839(a)(4) directs the plaintiff to cause a copy of the order of publication to be mailed to each defendant. For whatever reason, that was not done. Although appellants were duly served with the summons issued under § 14–839(a)(3) and although an order of publication was issued and published in accordance with § 14–840, appellants did not receive a copy of the order of publication.

Despite their receipt of the summons and the actual notice embodied in it, appellants did not respond to the complaint. On June 11, 1990, Goldberg assigned its rights in the property to Jeffrey Clement. On August 30, 1990, there being no response to the complaint, the court entered an order foreclosing appellants' right of redemption and vesting title in Mr. Clement. No appeal was taken from that order. More than three years later, on November 26, 1993, appellants filed a motion to vacate the 1990 order because they had not received a copy of the notice of publication. That omission, they averred, left the court without jurisdiction to enter the order foreclosing their right of redemption. The court denied the motion, and this appeal followed.

## THE ISSUES

■ Appellants make two arguments. First, they contend that the direction of § 14–839(a)(4) that the plaintiff mail a copy of the order of publication to each defendant whose address has been ascertained is part of the "reasonable and sufficient notice" required by both due process and the statute and that the failure to comply with that requirement renders the notice to persons with an interest in the property Constitutionally and statutorily insufficient. That insufficiency, they further contend, is jurisdictional in nature, and, under § 14–845(a), may be raised at any time in an action to reopen the judgment.

■ The second argument proceeds somewhat from the first. Section 14–839(a)(6) provides that a final judgment foreclosing a right of redemption

"may not be entered before the last of:

(i) where actual service is made on the defendant, the passage of the time specified in the summons issued by the court;

(ii) the actual time specified in the order of publication; or

(iii) 33 days after the date of mailing the copy of the order of publication under paragraph (4) of this subsection."

Because a copy of the order of publication was never mailed to them, they contend that it was inappropriate, by virtue of subsection (a)(6)(iii), for the court ever to have entered the judgment.

### DISCUSSION

We begin by rejecting any notion that Goldberg's failure to mail a copy of the order of publication to appellants constitutes a violation of Constitutional due process. The notice required as a matter of due process is a notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *St. George Church v. Aggarwal*, 326 Md. 90, 95, 603 A.2d 484 (1992). Appellants received such notice when the summons was served on them. The Constitution does not require any supplementary notice.

The issue, then, is whether the *statutory* violation creates a jurisdictional defect in the proceeding, making it, essentially, a nullity. We do not believe the Legislature intended that result, or that the statute should be given that effect.

Appellants rely on a number of Maryland cases for the proposition that, when a statute or rule requires a specific method of service on a defendant, that method must be complied with if the court is to obtain jurisdiction over the defendant. *Lohman v. Lohman*, 331 Md. 113, 626 A.2d 384 (1993); *Little v. Miller*, 220 Md. 309, 153 A.2d 271 (1959); *Miles v. Hamilton*, 269 Md. 708, 309 A.2d 631 (1973); *Rogers v. Hanley*, 21 Md.App. 383, 319 A.2d 833 (1974); *Guen v. Guen*, 38 Md.App. 578, 381 A.2d 721 (1978). The proposition, as stated, is too broad and, in its breadth, is not supported by those cases. The cases cited merely hold that a court lacks jurisdiction to enter a judgment against a defendant unless the defendant is served in accordance with the rules governing the service of process and that the defendant's actual notice of the pendency of the action does not suffice as a substitute for proper service. The issue in each of them was whether, in

fact, there had been proper service of process. None of them purports in any way to hold that, if a defendant is personally served with process, the failure to supplement that process with some additional notice or document constitutes a jurisdictional bar to further proceedings.

Before enactment of the Tax–Property article in 1985, tax sales were dealt with in art. 81 of the Code. Section 106 of that article required that, upon the filing of a bill of complaint to foreclose an owner's right of redemption, the court issue a subpoena for all defendants who were residents of Maryland. Personal service of resident defendants was required unless, as to a particular defendant, two successively issued subpoenas were returned unserved or, after one failure of service there was proof by affidavit that the defendant had deliberately avoided service. In that event, the defendant could be served by publication.

Section 107(a) required that, at the time the subpoenas were issued under § 106, the court issue an order of publication directed to *all* defendants and provided that notice be given either by publishing the order or by mailing a copy of it to the defendant's last known address and posting a copy on the courthouse door or bulletin board. Section 107(b) provided that, when original notice was mailed to a resident or non-resident defendant, a copy of the order of publication was to be enclosed with the notice. Under these provisions, there was no requirement that non-resident defendants be served other than by publication.

With the enactment of the Tax–Property article in 1985, as part of the ongoing Code Revision process, §§ 106 and 107 were incorporated into the new article as §§ 14–839 and 14–840, without substantial change.

In 1986, the Legislature rewrote the tax sale statute in an effort to assure that all persons interested in the property received Constitutionally sufficient notice. Although publication is still required under § 14–840, § 14–839 was rewritten to require that a summons be issued for *all* defendants, not just those resident in Maryland, "as in other civil actions."

That invokes Md.Rule 2–121, authorizing service of process, in or out of the State, by personal delivery or by certified mail, restricted delivery. The Rule also provides that, where service cannot be effected in that manner, the court may order any other appropriate means of service reasonably calculated to give actual notice. Section (d) of the Rule makes clear that the methods of service specified in the Rule are in addition to any other "means of service" that may be provided by statute or rule for obtaining jurisdiction over a defendant. Section 14–839(a)(5) supplements that provision of the rule by declaring that notice to a defendant may be made in any other manner that results in actual notice of the pendency of the action to the defendant.

Section 14–839 has to be read as a whole. It also has to be read in light of § 14–832, in which the Legislature has declared the entire subtitle as remedial legislation "to encourage the foreclosure of rights of redemption by suits in the circuit courts and for the decreeing of marketable titles to property sold by the collector."

In making the 1986 changes, the Legislature understood that, to achieve the objective expressed in § 14–832, it had to assure that persons whose property interests were being foreclosed received Constitutionally adequate notice of the proceeding, and, indeed, one of the express purposes of the enactment was "to address due process concerns about notice provided in tax sales of property." *See* Report of Senate Judicial Proceedings Committee on HB 1828 (1986). We presume, therefore, that the General Assembly was aware of the recent pronouncements of the Supreme Court in *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983) ("Notice by mail or other means as certain to ensure actual notice" is required if the interested party's "name and address are reasonably ascertainable").[1] Accordingly, it made more specific the need to

---

1. A rewriting of the tax sale statutes was proposed in the 1985 session of the Legislature (HB 1694), but the matter was deferred for summer study. The 1986 legislation was, to some extent, a reintroduction of the

ascertain addresses for interested persons (§ 14–839(a)(1)), required that a summons issue for *all* such persons and not merely Maryland residents, and required that notice may be given to a defendant "in any other manner that results in actual notice of the pendency of the action to the defendant." (§ 14–839(a)(5)).

The requirement that a copy of the order of publication be mailed to each defendant for whom the plaintiff has located an address is not stated as a "service" requirement. It carries forth a provision that had been in the law for quite some time and is simply part of a combination of methods designed to assure that each necessary defendant is made aware of the proceeding and has an opportunity to defend. If the defendant has not received any other adequate notice of the proceeding, mailing a copy of the order of publication can be important. Where the defendant has been served with a summons, however, such a mailing tells the defendant nothing more about the proceeding than he or she has learned from the summons; it gives the defendant no advantage not accorded by service of the summons. We have found nothing in any of the legislative history to suggest that this requirement was intended as a jurisdictional prerequisite, the omission of which would, of itself, constitute grounds for revoking an order foreclosing a right of redemption, when the person in question was otherwise properly served with a summons giving the requisite notice. To adopt that approach, as appellants urge, would be inconsistent with the Legislative intent expressed in 14–832 and wholly unnecessary.

We therefore hold that, where a defendant has been personally served with process, the plaintiff's failure to mail a copy of the order of publication to that defendant does not constitute a jurisdictional defect in the proceeding.

This holding effectively disposes of appellants' second argument as well. The direction in § 14–839(a)(6) that a final

---

1985 bill. *See* Senate Judicial Proceedings Committee Report on HB 1828 (1986).

judgment may not be entered until at least 33 days after the copies of the order of publication are mailed does not suffice as a withdrawal of the court's power to enter such a judgment, for, if it did, the failure to send the order of publication would, indeed, have jurisdictional effect. Subsection (a)(6) is obviously designed to afford defendants, whether served by summons or afforded other adequate notice, a reasonable opportunity to answer the complaint. A premature entry of judgment would constitute error that may be corrected through the device of a post-judgment motion or an appeal, but it is not a nullity. Having adequate knowledge of the proceeding and having been warned of the consequence of a failure to respond, appellants cannot sit back for six years and then complain that the judgment was entered sooner than the 33 days specified in subsection (a)(6).

JUDGMENT AFFIRMED; APPELLANTS TO PAY THE COSTS.